87 So.2d 6

**CITY OF NEW ORLEANS**

v.

Daniel H. CHRISTIAN, Jr., d/b/a Ce Soir.

No. 42690.

March 26, 1956.

Sam Monk Zelden, Max Zelden, New Orleans, for defendant-appellant.

Henry B. Curtis, City Atty., Joseph F. Deynoodt, Asst. City Atty., New Orleans, for plaintiff-appellee.

PONDER, Justice.

The plaintiff brought a rule ordering the defendant to show cause why he was not indebted to the City of New Orleans in the amount of $109.65 together with penalties, attorney's fees, and costs, for failure to pay an amusement tax due under Ordinance No. 15,129 CCS as amended. The defendant attacked the constitutionality of the ordinance alleging that it violates Sections 1, 5, and 8 of Article 10 of the Constitution of Louisiana, LSA. The defendant alleged that the taxing power is an exclusive legislative function and that taxes can only be imposed in pursuance to legislative authority and that the legislature can only grant this authority to municipalities by express authority; that the Ordinance was not enacted in pursuance to Act 212 of 1938, LSA–R.S. 4:41 et seq.; that the Ordinance imposes a tax greater than that imposed by the state and that the Ordinance is therefore unconstitutional. After a hearing of the rule, the lower court overruled the plea to the constitutionality of the Ordinance and gave judgment in favor of the plaintiff for $109.65, plus 20% as penalties, and 10% on the principal amount and penalty, as attorney's fees, or a total of $144.73, with interest at the rate of 5% per annum from date of judgment until paid. The defendant has appealed.

The appellant, owner and operator of a nightclub, contends that the amusement tax imposed by the Ordinance No. 15,129 CCS as amended, is a license tax and as such violative of Section 8, Article 10 of the Louisiana Constitution since the State imposes no such license tax. Section 8 of Article 10 provides that municipalities cannot impose a license tax greater than that imposed by the state. The pertinent part of the Ordinance in question reads as follows:

"The term admission as used in this section includes seats and tables, reserved or otherwise, and other similar accommodations, as well as all amounts paid for admission, refreshment, service, and merchandise at any of the establishments set forth above, or other similar place furnishing a public performance for profit, if any payment or part thereof, for admission, refreshment, service or merchandise, entitles the patron to be present during any portion of such performance."

This Ordinance was adopted under the authority of Act 212 of 1938.

▮▮ A license tax strictly speaking is a tax that must be paid by the party or dealer as a condition precedent to legally engaging in business and is usually incident to regulation under the police powers of the state. The distinction between a license tax and an excise tax is pointed out in 53 C.J.S., Verbo, Licenses, § 3 c(1), p. 455, as follows:

"Although there is no clear line of demarcation between license, occupation, and privilege taxes, license fees or taxes proper may be distinguished from excise or privilege taxes. * * The nature of a particular tax is not to be determined by the name given to it, or by the use of some particular form of words, but by the substance and realistic impact of the tax. A license tax proper is usually incident to regulation under the police powers of the state, whereas an excise or privilege tax is exacted under the taxing power primarily for purposes of revenue and is not an attempt at license and regulation under the police powers * * *."

When these principles are applied to the tax in question it is apparent that the tax is not a license tax. The tax imposed under the Ordinance herein involved is not imposed as a condition precedent to engaging in business but the amount varies according to the sales and is computed after these sales are made. The evidence shows that the appellant furnished amusement only on certain nights of the week and that the tax was computed on 45% of the gross income.

It has been held in other jurisdictions that an amusement tax is an excise tax and not a license tax. Shannon v. Streckfus Steamers, 279 Ky. 649, 131 S.W.2d 833; City of Louisville v. Churchhill Downs, Inc., 267 Ky. 339, 102 S.W.2d 10. It was stated in the latter case: " * * * an excise tax is in its proper sense 'something cut off from the price paid on a sale of goods as a contribution to the support of the government.' " 102 S.W.2d 13.

▮ The tax in question is referred to in the Ordinance and the statute as a "license" tax but this is a misnomer. This court has held that the fact that an excise tax is denominated a license is of no importance in determining the true nature of the tax. Giamalva v. Cooper, 217 La. 979, 47 So.2d 790. The name by which a tax is described in the statute is immaterial, its character must be determined by its incidents. Dawson v. Kentucky Distilleries & Warehouse Co., 255 U.S. 288, 292, 41 S.Ct. 272, 274, 65 L.Ed. 638, 645; Lionel's Cigar Store v. McFarland, 162 La. 956, 111 So. 341.

It has been held by this Court that when a tax is levied upon the right or privilege of selling, using, or consuming a commodity where the amount to be paid is based on the quantity involved, that the tax is an excise tax. See State v. Johnson, 173 La. 669, 138 So. 503; State v. Tri-State Transit Co., 179 La. 811, 155 So. 233; State v. City of Monroe, 177 La. 983, 149 So. 541; State v. Standard Oil Co. of La., 190 La. 338, 182 So. 531; Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11.

■ This tax is not a regulation under the police power but is one for revenue. Act 212 of 1938 states that the proceeds thereof are dedicated to the relief of the unemployed or unemployables or mothers' aid cases of the State. The Ordinance also states that the tax is levied for the purpose of providing funds for the relief of the unemployed or unemployables or foster home care or sponsorship of WPA projects as provided for by Act 212 of 1938, as amended.

The conclusion is, therefore, inescapable that the tax imposed in the Ordinance (No. 15,129 CCS as amended) is not a license tax and consequently does not violate Section 8 of Article 10 of the Louisiana Constitution.

■ The appellant contends that the Ordinance enlarges upon the definition of an admission tax as set out in Act 212 of 1938. Act 212 of 1938 authorizes any municipality having over 300,000 inhabitants to levy a tax on a nightclub, etc., where a fee is charged for admission or where there is any charge whatsoever therefor in connection therewith either directly or indirectly and the term "admission" is defined as including seats, and tables, reserved or otherwise, and *other similar accommodations* and charges made therefor. The provisions of the Ordinance imposing a tax on refreshments, service, and merchandise at the establishment where the payment or part thereof for admission, refreshment, service or merchandise entitles the patron to be present during any portion of the performance is not an enlargement of the provisions of Act 212 of 1938. The statute is very broad and seems to cover all services rendered in the nightclub in view of the fact that the term "admission" is defined so as to include "other similar accommodations". When the statute as a whole is compared with the Ordinance it is apparent that the Ordinance has not enlarged upon the provisions of Act 212 of 1938.

For the reasons assigned, the judgment of the lower court is affirmed.

HAMITER, J., concurs in the decree.