229 So.2d 712

**Alvin STANFORD et al.**

**v.**

**LOUISIANA SWEET POTATO ADVERTISING & DEVELOPMENT COMMISSION et al.**

**No. 49727.**

Dec. 15, 1969.

---

Joel B. Dickinson, Baton Rouge, Davidson, Meaux, Onebane & Donohoe, Joseph Onebane, Lafayette, for appellants.

Donald Soileau, Mamou, and Robert F. DeJean, Opelousas, for appellees.

FOURNET, Chief Justice.

Plaintiffs, a number of growers and shippers of sweet potatoes, instituted proceedings against Dave L. Pearce, Commissioner of Agriculture, and The Louisiana Sweet Potato Development Commission, claiming that Act 434 of 1968 is in contravention of Article 10, Section 8 of the Constitution of this state,[1] and secured a judgment declaring the act to be unconstitutional as to Alvin Stanford, Ira Burleigh, and Levy Fontenot, and enjoining the defendants from collecting the tax provided therein against them, being shown by the evidence they are growers that shipped their own sweet potatoes.

In resolving the issue presented for determination, the trial judge found that the present act has not been materially changed from the forerunner, Act 294 of 1942,[2] which was under similar attack in the case of Louisiana State Department of Agriculture v. Sibille, 207 La. 877, 22 So.2d 202, and which decision he was bound to follow. Therein the Department was seeking payment of the taxes due under the

1. *"License taxes may be levied on such classes* or persons, associations or persons and corporations *pursuing any trade,* business, occupation, vocation or profession, as the Legislature may deem proper, *except* clerks, laborers, ministers of religion, school teachers, graduated trained nurses, those engaged in mechanical, *agricultural* or horticultural pursuits, or in

operating saw mills. Such license taxes may be classified, graduated or progressive. * * *." (Emphasis added.)

2. The amendment of the prior act has not changed the substance of the act but made an increase in the membership of the commission and the amount of the tax to be collected.

provisions of Act 294 of 1942 and among the defenses urged by the defendant, as now urged by plaintiffs, was that "Said Act violated and is in derogation of Article Ten (10) Section Eight (8) of the Constitution of this State, in that it levies and collects a tax on those engaged in agricultural pursuits, and is, in effect, a disguised occupational license tax on an agricultural pursuit."

This court in a majority opinion held the tax was not a property tax and in rejecting the Department of Agriculture's argument that the tax is not one imposed on the farmer or grower who is exempt from a license tax but on the shipper, observed, "But that argument overlooks the fact that under the above quoted terms [3] and definitions [4] a farmer or grower is a shipper, thus subject to the payment of the license tax, when he loads his truck or other conveyance with sweet potatoes and transports them to market. And while so engaged in transporting or shipping produce of his farm, he is engaged also in an agricultural pursuit." The majority then concluded, "Therefore, it must be held that

Act 294 of 1942 is violative of Article 10, Section 8 of the Louisiana Constitution, in so far as it levies a tax on sweet potatoes shipped or transported by the grower himself."

The defendants contend, that while the court properly held in the Sibille case that the tax was not a property tax, it failed to give consideration as to whether the tax was in fact a license tax as contradistinguished from an excise tax, pointing out that under the provisions of Article 10, Section 8, the farmer was not exempt from all taxation but simply a tax on the privilege or right to pursue the occupation or pursuit of farming, and relying upon two subsequent decisions of this court, Giamalva v. Cooper, 217 La. 979, 47 So.2d 790, and Ewell v. Board of Supervisors of Louisiana State University, 234 La. 419, 100 So.2d 221, seeks to have us now reconsider the Sibille case in the light of these decisions.

In the Giamalva case this court pointed out, "The fact that the excise is denominated a license is of no importance in de-

3. Section 5 of the statute provided, "There is hereby imposed and levied a tax * * on all sweet potatoes shipped in the State of Louisiana * * *. This tax shall apply on all shipments of sweet potatoes for which inspection certificates and tags of the Louisiana State Department of Agriculture and Immigration are issued * * *." Section 6 stated that "the tax imposed and levied hereunder shall be collected * * * from the shipper * * *."

4. In section 2 is defined, " * * * 'Shipper' shall mean any person, partnership, association or corporation, engaged in * * * transporting sweet potatoes whether as owner, agent or otherwise; 'shipping' shall be deemed to take place when the sweet potatoes are loaded in the state in a * * * truck or other conveyance in which sweet potatoes are to be transported; * * *."

termining the true nature of the tax. Indeed, the words 'license' and 'excise' have been interchangably used by legislatures and courts in describing a tax without particular significance as to its nature. See Lionel's Cigar Store v. McFarland, 162 La. 956, 111 So. 341 and Louisiana State Dept. of Agricul. v. Sibille, 207 La. 877, 22 So.2d 202. In final analysis, they are excises as distinguished from property taxes."

While in the Ewell case this court did state, "A license may be defined as the formal permission granted by a sovereign, generally for a consideration, to a person, firm or corporation, to pursue some occupation or to carry on some business without which the act permitted would be illegal," in the next paragraph it stated, "There are two kinds of licenses, one of which requires a license fee imposed for the purpose of raising revenue, and the other imposed as a police regulation. * * * A license imposed for revenue is an exercise of the taxing power and is in effect a tax. * * * A license imposed for the purpose of regulation and the protection of the public health, morals and general welfare is an exercise of the police power of the State," and it was concluded, " * * Since the licenses, fees and fines and penalties materially exceed the legitimate cost of regulation and the necessary or probable expenses of licensing, inspecting and regulating the business which it covers these fees and exactions are plainly imposed for the primary purpose of realizing revenue and are in effect taxes."

It is apt to observe that it is the mandatory duty of the Louisiana Department of Agriculture to collect the tax imposed and levied by this act in Section 455[5] from "The shipper, along with the fee collected in connection with the inspection of sweet potatoes and the issuance of certificates and tags required for shipment to fresh market outlets located in and out of this state, and to processing plants located out of this state." Obviously the fee collected in conjunction with the issuance of certificates and tags at the time of inspection under L.R.S. 3:1731 et seq, is imposed under the police power of the state. Unquestionably, the tax involved here is not a tax on the property itself, i. e., the potatoes, nor a revenue tax for as this court pointed out in the Sibille case the proceeds "are devoted exclusively to advertising the sweet potatoes, thus promoting the growth of an important and major industry."

This court in its decision in the case of City of New Orleans v. Christian, 229 La.

---

5. Section 455 provides: "There is imposed and levied a tax at the rate of: (1) Four cents per bushel of fifty pounds or fraction thereof on all Louisiana sweet potatoes inspected for shipment to fresh markets located in Louisiana and out of state, and to processing plants located out of state.
(2) Four cents per unit on each kind of product processed from sweet potatoes in Louisiana for human consumption. * * *."

855, 87 So.2d 6, observed, "The nature of a particular tax is not to be determined by the name given to it, or by the use of some particular form of words, but by the substance and realistic impact of the tax." Hence, we think the tax imposed by L.R.S. 3:455, when considered in the light of the foregoing principles and the definition as pointed out by the majority opinion in the Sibille case so as to include a farmer or grower as a shipper, thus subjects such farmers or growers to the "payment of the license tax, when he loads his truck or other conveyance with sweet potatoes and transports them to the market * * *," a necessary element of an agricultural pursuit. Consequently, the judgment of the trial court holding insofar as the act levies a tax on sweet potatoes shipped or transported by the grower himself is violative of Article 10, Section 8 of the Louisiana Constitution is correct, and properly declared the tax was unconstitutional as to Alvin Stanford, Ira Burleigh, and Levy Fontenot.

The case of C. V. Floyd Fruit Co. v. Florida Citrus Commission, 128 Fla. 565, 175 So. 248, 112 A.L.R. 562, relied upon by the Commissioner of Agriculture, may be persuasive, but decisions of other jurisdictions are not controlling on this court. This is particularly so in the cited case when it does not appear in the reported decision that it was based upon a compara-

ble constitutional provision as contained in Article 10, Section 8.

For the reasons assigned the judgment of the trial court is affirmed.