380 So.2d 197 (1980)
Gilbert L. DOZIER, Commissioner Louisiana Department of Agriculture ex rel. LOUISIANA SWEET POTATO ADVERTISING COMMISSION, Plaintiff-Appellee,
v.
Louis BURLEIGH, Defendant-Appellant.
No. 7403.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1980.
*198 Donald Soileau, Mamou, for defendant-appellant.
Wilbur W. Sasser, Baton Rouge, for plaintiff-appellee.
Before GUIDRY, SWIFT and LABORDE, JJ.
GUIDRY, Judge.
Defendant-appellant, Louis Burleigh, appeals from a default judgment holding him liable for delinquent taxes and a 20% penalty thereon, said judgment being in the total sum of $696.64.
The record reveals that the Commissioner of the Louisiana Department of Agriculture filed suit on July 5, 1978, against defendant to recover taxes[1] assessed against defendant during the period of 1975 to 1976 in the amount of $577.20. The Commissioner additionally sought to recover a 20% delinquency penalty on said amount as provided by LSA-R.S. 3:458.[2] Defendant failed to *199 file an answer or any other pleadings in response to the suit. On April 30, 1979, a preliminary default was entered against defendant. On June 25, 1979, the preliminary default was confirmed and judgment rendered against defendant. From this judgment defendant perfected a suspensive appeal.
This case was consolidated for appeal with the matter entitled Gilbert Dozier, Commissioner, Louisiana Department of Agriculture ex rel., Louisiana Sweet Potato Advertising Commission versus Ira Burleigh, our docket number 7404. Except for the amount of judgment; the period for which taxes were assessed; and, the date on which a preliminary judgment of default was entered[3] the cases are similar and present for consideration identical issues. Although we render separate decrees we will discuss both cases in this opinion.
Defendants contend the judgments should be reversed on three grounds:
1. The judgments should be annulled because the Department of Agriculture misled them, through their counsel, to believe that the suit was going to be settled;
2. The judgments should be reversed because they are not subject to the tax imposed under R.S. 3:455; and,
3. The judgments should be reversed because they were rendered on the basis of insufficient evidence.
Defendants' contention that the judgments should be annulled on appeal because of alleged misleading conduct or ill practices on the part of plaintiff is without merit.
We find no evidence in the trial records to support defendants' contention of misleading conduct or ill practice by plaintiff's attorneys. We cannot speculate on facts asserted in brief which are not properly a matter of record and are not therefore properly before us.
It is well established in our jurisprudence that the case presented on appeal from a default judgment is the case that was heard and decided by the trial court and which is contained in the record. State v. Sommerville, 112 La. 1091, 36 So. 864 (1904); Young v. Warner, 283 So.2d 547 (La.App. 1st Cir. 1973).
Counsel for defendants apparently fail to take into account the distinction between a default judgment which may be erroneous as a matter of law, because of an insufficiency of evidence or other illegality apparent on the face of the record; and, one obtained by fraud, ill practice, or misrepresentation of which the record is void. Appellate review can cure the former case, whereas the remedy of the latter lies solely in an action to annul as provided by LSA-C.C.P. Article 2004. See State v. Sommerville, supra; Walsh v. Walsh, 215 La. 1099, 42 So.2d 860 (1949), cert. denied, 339 U.S. 914, 70 S.Ct. 575, 94 L.Ed. 1340 (1950); Johnson v. Jones-Journet, 320 So.2d 533 (La.1975).
Likewise, we find defendants' second contention without merit. The gravamen of this contention is to question the constitutionality of the application of LSA-R.S. 3:455 to a producer shipping his own sweet potatoes. Defendants in this regard principally rely on Article 7 Section 21(C)(11) of the Louisiana Constitution of 1974 and the case of Stanford v. Louisiana Sweet Potato Advertisement and Development Commission, 255 La. 96, 229 So.2d 712 (La.1969).
Defendants failed to raise this constitutional issue and/or produce evidence in support thereof in the trial court and thus we cannot legally consider such issue. In Summerell v. Phillips, 258 La. *200 587, 247 So.2d 542 (La.1971) our Supreme Court stated:
"Although several exceptions have been recognized, the general rule prevails that a litigant cannot raise the constitutionality of a statute or ordinance unless its unconstitutionality is specially pleaded and the grounds particularized. (citations omitted)

As a corollary of the above rule, it is also well accepted that a litigant who fails to plead the unconstitutionality of a statute cannot legally raise the constitutional issue in the appellate court. Maher v. City of New Orleans, 256 La. 131, 235 So.2d 402 ..."

Although in Summerell, supra, it was recognized that an appellate court is empowered under LSA-C.C.P. Article 2164 to remand a case to the trial court to afford a party the opportunity to amend his pleadings to plead the unconstitutionality of a statute, we decline to do so in the instant case for the following reasons. Under LSA-R.S. 3:456 the tax imposed and levied by Section 455 is collectible by the Louisiana Department of Agriculture from the shipper or processor, without regard to whether or not he is the grower or producer. The tax imposed by the cited statute has been declared by our Supreme Court to be a license tax as opposed to a tax on property. Louisiana State Department of Agriculture v. Sibille, 207 La. 877, 22 So.2d 202 (La.1945); Stanford v. Louisiana Sweet Potato Advertising & Development Commission et al., 255 La. 96, 229 So.2d 712 (La.1969). When the cited cases were decided the Louisiana Constitution of 1921 was in effect and Article 10 Section 8 thereof specifically prohibited the imposition of a tax on the privilege or right to pursue the occupation or pursuit of farming. Thus having found the tax imposed by LSA-R.S. 3:455 and its forerunner to be a license tax, the court in the cited cases declared the act violative of the constitution insofar as said act levied a tax on sweet potatoes shipped or transported by the grower himself.
The provisions of Article 10 Section 8 of the 1921 Constitution were not carried over in the Louisiana Constitution of 1974, and so far as we have been able to determine there is no provision in the latter which prohibits the imposition of a tax on the privilege or right to pursue the occupation or pursuit of farming. Therefore since the tax at issue is a license tax and the 1974 Louisiana Constitution contains no provision prohibiting the legislature from imposing a tax on the right to pursue the occupation of farming, R.S. 3:455 is now applicable to shippers and processors without regard to their status as producers or growers.
Further, we find appellants reliance on Article 7 Section 21(C)(11) of the 1974 Constitution misplaced. The cited section proscribes the imposition of ad valorem taxes on agricultural products while owned by the producer. As previously demonstrated the tax sought to be levied in the instant cases is not a tax on property.
Finally, defendants contend there was insufficient evidence to support the default judgment. The requirements for confirming a default judgment are set forth in LSA-C.C.P. Article 1702, which provides:
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
In confirming a default, the plaintiff has the burden of proving by competent evidence, sufficient to establish a prima facie case, the essential elements of his claim as fully as if each of the allegations had been specifically denied. Holbrook v. Palermo, 352 So.2d 419 (La.App. 3rd Cir. 1977).
In this case, plaintiff presented testimony of two witnesses and documentary evidence at confirmation to prove that the defendant owed the amount of taxes as alleged in plaintiff's petition.
*201 Louis Duplechain, the Executive Director of the Louisiana Sweet Potato Commission charged with responsibility for collection of the taxes, testified that the defendants had failed to pay the taxes imposed on sweet potato shippers. Sweet Potato Dealers Certificates were introduced into evidence, with proper foundation, which showed the amount of taxes owed to the Department of Agriculture by defendants. Mr. Fontenot, an employee of the Department whose duties included the collection of taxes, testified that when a shipper required an inspection of his produce, an inspector would be sent to inspect the potatoes. After inspecting the produce, the inspector would complete the sweet potato dealer's certificate and give a copy to the shipper. The name of the shipper, the amount of produce shipped, and the amount of tax imposed were listed on the certificate.
The certificates, considered with the testimony of Mr. Fontenot and Mr. Duplechain, establish a prima facie case sufficient to support the judgment by default.
Accordingly, for the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] The taxes were assessed pursuant to LSA-R.S. 3:455, which provides as follows:

"There is imposed and levied a tax at the rate of four cents per bushel of fifty pounds or fraction thereof on all Louisiana sweet potatoes inspected for shipment to fresh market outlets and to processing plants, and on sweet potatoes produced out-of-state and moved into Louisiana; except that a ten percent discount will be allowed on all processing stock to compensate for waste."
[2] LSA-R.S. 3:458 provides:

"Any handler, processor, or shipper of sweet potatoes who willfully evades the payment of the tax provided for in R.S. 3:455, or who violates any other provisions of this Part, shall be fined not more than five hundred dollars. If any shipper or processor fails to pay any tax due under the provisions of this Part within thirty days after the tax payment is due, he shall be liable to a penalty of twenty percent thereof, and the attorney general shall enforce payment of the tax and penalty by civil action against the shipper or processor for the amount of the tax and penalty."
[3] A preliminary judgment of default was entered in the suit which bears our docket number 7404 on February 21, 1979 and resulted in a judgment in favor of plaintiff in the sum of $5470.32, representing delinquent taxes and the penalty thereon, assessed for the period 1975 through 1977.