973 So.2d 922 (2007)
LOUISIANA DEPARTMENT OF AGRICULTURE AND FORESRY, et al., Plaintiff-Appellee,
v.
Eugene HARPER, Defendant-Appellant.
Eugene Harper, Plaintiff-Appellant,
v.
Louisiana Department of Agriculture, et al., Defendant-Appellee.
Nos. 42,597-CA, 42,598-CA.
Court of Appeal of Louisiana, Second Circuit.
December 19, 2007.
*923 Eugene Harper, In Proper. Person.
Charles E. Herring, Jr., Special Assistant Attorney General, for Appellee, Charles C. Foti, Jr.
James M. Montgomery General Counsel, Charles E. Herring, Jr., Special Assistant Attorney General, for Appellee, State of Louisiana, Department of Agriculture and Forestry, Bob Odom, Commissioner of Agriculture of the State of Louisiana and Louisiana Sweet Sweet Potato Advertising and Development Commission.
Before WILLIAMS, CARAWAY and MOORE, JJ.
WILLIAMS, J.
The appellant, Eugene Harper, appeals judgments in favor of the appellee, Louisiana Department of Agriculture and Forestry ("the Department"). The trial court rendered judgment denying Harper's motion for injunctive relief and granting the Department a permanent injunction prohibiting Harper from engaging in the commercial sale of sweet potatoes until his payment of all taxes and fees owed. Additionally, *924 the court rendered judgment sustaining the Department's exception of no cause of action. For the following reasons, we affirm.

FACTS
Eugene Harper is a sweet potato farmer in Morehouse Parish, Louisiana. Two statutory programs concerning the commercial growing and selling of sweet potatoes are at issue in this case. One program provides for advertising and promoting the use of sweet potatoes and the other concerns the control of sweet potato insects. Under the advertising program, the Department levies a tax of four cents per 50-pound bushel that is collected from sweet potato shippers to fund the Louisiana Sweet Potato Advertising and Development Commission ("Commission"). The regulations governing the insect program are set forth in the Louisiana Administrative Code (LAC), Title 7, Part XV, Chap. 1(C), sec. 133-147, entitled "Sweet Potato Weevil Quarantine." To fund the program, the Department charges a fee of six cents per bushel of sweet potatoes shipped within the state. Under the regulations, all farmers who commercially grow and sell sweet potatoes must obtain a Sweet Potato Dealer's Permit. Since 2001, Harper has continued his farming activity, but has not paid the sweet potato fees and he failed to renew his dealer's permit.
In January 2006, the Department held an adjudicatory hearing concerning Harper's alleged failure to pay the fee assessment required under the sweet potato program. The hearing officer found that Harper had failed to pay the required fee assessment in violation of LSA-R.S. 3:1734 and had failed to obtain a valid Sweet Potato Dealer's Permit, in violation of LAC 7:XV.147. Based upon these findings, the Commissioner of Agriculture imposed penalties and fees of $11,358 against Harper, who neither appealed the decision nor paid the penalties and fees.
In May 2006, the Department filed a petition for preliminary and permanent injunction seeking to prohibit Harper from engaging in the commercial growing, distribution or sale of sweet potatoes until he obtained a valid Sweet Potato Dealer's Permit. The Department also sought to make the imposed fine of $11,358 executory in Morehouse Parish. After a hearing in June 2006, the trial court issued an order finding that Harper had failed to pay the sweet potato fees and instructing Harper to contact the Department to establish a plan for payment of the taxes, fees and civil penalties owed and to comply with the statutory fee requirements.
In August 2006, Harper filed a petition against the Department and the Commission alleging that the taxes and fees imposed by the state were unconstitutional and seeking injunctive relief prohibiting the collection of those assessments. He also sought monetary damages for the Department's alleged failure to issue a USDA grade for his sweet potatoes. In October 2006, the Department filed a petition for permanent injunction on the grounds that Harper had failed to comply with the June 2006 court order and filed a motion to consolidate the two actions. The Department also filed an exception of no cause of action as to Harper's claim for damages.
After a hearing, the trial court rendered judgment granting the permanent injunction prohibiting Harper from engaging in the commercial growing and sale of sweet potatoes until he obtained a valid dealer's permit and denying the injunctive relief sought by Harper. The court rendered a separate judgment sustaining the exception of no cause of action. Harper appeals the judgments.

*925 DISCUSSION
Harper contends the trial court erred in granting a permanent injunction prohibiting him from commercially growing or selling sweet potatoes on the basis of his failure to pay fees assessed by the Department. Harper argues that as a farmer he is exempt from paying license taxes under the Louisiana Constitution.
The state levies a tax at the rate of four cents per bushel of 50 pounds on all Louisiana sweet potatoes shipped in the state. LSA-R.S. 3:455. The Department shall collect this tax from the shipper with the proceeds to be disbursed for advertising sweet potatoes. LSA-R.S. 3:456. The tax imposed by Section 455 is collected from the shipper without regard to whether or not he is the grower or producer. The Louisiana Supreme Court has found that the tax imposed pursuant to Section 455 is a license tax as opposed to a tax on property. Stanford v. La. Sweet Potato Advertising & Development Commission, 255 La. 96, 229 So.2d 712 (1969).
Harper argues that under La. Const.1921, art. X, sec. 8, he is exempt from the tax because he is engaged in agricultural pursuits. To support his argument, Harper cites Stanford, supra, which held that the tax on sweet potatoes shipped by the grower violated the Louisiana Constitution. However, when the cited case was decided, Article X, sec. 8 specifically prohibited the imposition of a tax on the privilege of pursuing the occupation of farming. Significantly, this prohibition was not carried over in the subsequent Louisiana Constitution of 1974. Dozier v. Burleigh, 380 So.2d 197 (La. App. 3rd Cir.1980). Thus, the 1974 Constitution, which is the applicable law in this case, does not prohibit the state legislature from imposing a tax on the right to pursue the occupation of farming. Dozier, supra. Consequently, Harper is required to pay the tax imposed on shipments of sweet potatoes.
To support his argument that a license tax may not be imposed on farmers, Harper also cites LSA-R.S. 47:360(E), which provides for exemptions from occupational license taxes imposed by a municipality or parish. Additionally, he cites La. Const. 1974, art. 6, sec. 28, which provides that a local government may impose an occupational license tax not greater than that imposed by the state. However, these provisions are not applicable to Harper's situation, since the sweet potato tax is imposed by the state, not by a parish or municipality. The assignment of error lacks merit.
Harper contends the trial court erred in granting an injunction prohibiting him from commercially growing and selling sweet potatoes. LSA-R.S. 3:1732 gives the Commissioner of Agriculture the authority to promulgate and enforce the rules and regulations to control or prevent the introduction of diseases and insect pests. To carry out this program the Department was authorized to charge a fee of not more than six cents per bushel of sweet potatoes shipped in the state, as established by administrative rule. LSA-R.S. 3:1734. Accordingly, the Department established a fee of six cents per bushel of sweet potatoes shipped in the state. This fee is assessed based on the average marketable yield of bushels per acre of sweet potatoes planted. LAC 7:XV.143. All persons, including sweet potato farmers, who commercially grow and sell sweet potatoes must possess a valid Sweet Potato Dealer's Permit. LAC 7:XV.147.
In the present case, the record shows that Harper failed to comply with the district court's June 2006 order to establish a schedule for paying all of the taxes and fees owed. Subsequently, the Department *926 sought a permanent injunction prohibiting Harper from commercially growing or selling sweet potatoes until he paid all fees and fines due and obtained a valid Sweet Potato Dealer's Permit. Pursuant to LSR.S. 3:1736(E), the Department may institute civil proceedings seeking injunctive relief to restrain and prevent the violation of the statutory and regulatory provisions of the sweet potato pest-control program. Thus, contrary to Harper's contention that the Department did not have a legal basis for an injunction, Section 1736(E) provided the statutory authority for the Department to seek injunctive relief to prevent Harper from continuing to violate the applicable provisions of the sweet potato weevil quarantine program. The assignment of error lacks merit.
Harper contends the trial court erred in failing to provide reasons for the judgment rendered. An appeal is taken from an adverse judgment, not from the opinion of the court. The trial court's reasons for judgment, while explaining the principles upon which the court is deciding a case, are not a part of the signed judgment being appealed. Alvarez v. Clasen, 06-304 (La.App. 5th Cir.10/31/06), 946 So.2d 181.
In the present case, the judgment granting the Department a permanent injunction states the trial court's findings that Harper had violated the provisions of LSA-R.S. 3:1731-1736 and had failed to comply with the court's prior order directing Harper to pay the fees and penalties owed. Thus, the basis for the trial court's decision is expressed in the judgment. A party has ten days after the notice of judgment has been mailed to request that the trial court issue written reasons for judgment, but Harper failed to do so. LSA-C.C.P. art.1917. The assigned error lacks merit.
Harper also alleges as error the Department's failure to produce documentation of the amount of fees he allegedly owes. We note that the Department's petition for permanent injunction is not based on the amount of fees and penalties owed by Harper. The determination of the total amount owed by Harper will be addressed in the Department's pending action to collect unpaid fees and penalties and that issue is not before this court on appeal. The assignment of error lacks merit.
Harper contends he is entitled to injunctive relief to prevent the department from collecting the sweet potato tax and to damages for the time that the Department's permanent injunction has been in effect. As previously discussed, Harper is not exempt from payment of the sweet potato fees and taxes and must abide by the applicable statutory provisions if he wishes to continue his activity as a Louisiana commercial sweet potato farmer. Based upon this record, Harper has not established a basis for injunctive relief and has not shown that he has been damaged by the Department's implementation of the sweet potato program. The assignment of error lacks merit.
Harper also contends the Department does not have authority to enforce payment of the sweet potato tax. Harper cites LSA-R.S. 3:458, which provides that a shipper who fails to pay the sweet potato tax levied under Section 455 shall be liable to a penalty and the attorney general shall enforce payment of the tax and penalty. As previously stated, the judgment at issue in this appeal granted injunctive relief to the Department pursuant to Section 1736(E), based upon Harper's non-compliance with a prior order of the district court. Thus, enforcement of the tax levied for advertising sweet potatoes is not an issue in this appeal. The assigned error lacks merit.
*927 Harper alleges as error the trial court's consolidation of his lawsuit with that of the Department. LSA-C.C.P. art. 1561 provides that a court in which two separate actions are pending may order consolidation of the actions for trial when common issues of fact and law predominate.
Here, the record shows that both lawsuits arise from Harper's activities as a commercial sweet potato farmer and the Department's implementation of the fee assessment program. Both lawsuits involve predominately common issues of fact and law and Harper has not shown that consolidation prevented a fair trial or prejudiced his rights. Thus, we cannot say the court erred in ordering consolidation in this case. The assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgments are affirmed. Costs of this appeal are assessed to the appellant, Eugene Harper.
AFFIRMED.