507 So.2d 215 (1987)
The CITY OF NEW ORLEANS
v.
Al SCRAMUZZA and the Class of Resident Tax-Payers of the City of New Orleans Earnings Tax, William Sanchez, Kenneth C. Fonte and Colleen Conrad Fonte and the Class of Non-Resident Tax-Payers of the City of New Orleans Earnings Tax, and Donald Johnston, in his Capacity as President of/and D.H. Holmes Co., Ltd. and the Class of Employers of Taxpayers of the City of New Orleans Earnings Tax.
No. 87-CA-0378.
Supreme Court of Louisiana.
May 18, 1987.
Okla Jones, City Atty., Jackson P. McNeely, Thomas W. Milliner, Bruce E.
*216 Naccari, Deputy City Attys., Eleanor K. Roemer, Asst. City Atty., Donald R. Mintz, Ellis Murov, Timothy Francis, McGlinchey, Stafford, Mintz, Cellini & Long, Mack E. Barham, Galen S. Brown, M. Lizabeth Talbott, Gail N. Wise, Barham & Churchill, New Orleans, for applicant.
Jessie Guillot, Cy Courtney, Maurice E. Clark, New Orleans, Anthony R. Messina, Metairie, Louis G. Gruntz, Jr., Jefferson, James Arceneaux, Metairie, Craig C. Cimo, Asst. Parish Atty., Gretna, Walter Reed, Dist. Atty., Lane Carson, Asst. Dist. Atty., Covington, John Rowley, Dist. Atty., Marcel Gueniot, William Schuler, Asst. Dist. Attys., Chalmette, Richard D. Faulkner, New Orleans, Lawrence Chehardy, Metairie, R. Lawrence Kurt, New Orleans, Louis L. Robein, Metairie, Gilbert R. Buras, Jr., New Orleans, Gardner, Robein & Healey, Metairie, Kenneth C. Fonte, New Orleans, for defendants.
COLE, Justice.
The issue presented is whether or not the New Orleans Earnings Tax Ordinance[1], No. 11, 416 M.C.S., imposes an "income tax" and is, therefore, unconstitutional under Article VII, Section 4(C) of the Louisiana Constitution of 1974. The lower court ruled the ordinance unconstitutional. For the reasons to follow, we affirm.
The City of New Orleans (City) filed this declaratory action seeking a determination of the legality and constitutionality of the Earnings Tax Ordinance. Named as defendants were all classes of persons affected by the earnings tax. The classes certified were: Resident Taxpayers of the Earnings Tax, Non-Resident Taxpayers of the Earnings Tax, and Employers of Taxpayers of the Earnings Tax. Separate suits were instituted against the City by the Parish of Jefferson, the Parish of St. Tammany, the Parish of St. Bernard, et al., and by Robert L. Deviney, et al. By motion of the parties these actions were consolidated with the City's original suit. Additionally, various parties originally named as defendants were allowed to re-align as party plaintiffs representing the class of Non-Resident Taxpayers who support the Earnings Tax.
The ordinance in question imposes a tax of 1.5% of annual gross earnings, in excess of $5,000, of every person working in the City of New Orleans.[2] The City maintains the Earnings Tax is not an "income tax" within the meaning of Article VII, Section 4(C), because it is a tax only upon gross earnings, as distinguished from the traditional income tax premised upon a different structure, locus, and base.
Opponents of the tax argue the Earnings Tax is a form of local government income tax, prohibited under Article VII, Section 4(C) of the state constitution.[3] They point out it is beyond dispute the ordinance taxes the major source of income, namely wages and salaries. It is argued a constitutional prohibition against political subdivisions taxing all income, a fortiori, includes a prohibition against a municipality taxing a component of income, i.e., earnings.
Stated another way, the prohibition against local income taxes is a prohibition against any form of local tax levied on, or measured by, a source of income. Opponents maintain the City's legal arguments are based on "semantic sophism." The City maintains the opposition presents a "simplistic semantic theory."
At trial the City presented experts qualified in the fields of economics, political science, legal history, finance, and accounting. *217 The general consensus of these experts was that an earnings tax differs in some respects from a traditional income tax.
Based on the testimony of its experts, the City contends a political subdivision is prohibited only from imposing an income tax which mirrors the characteristics of the complex, progressive tax levied on net income by our state and federal governments. It is argued the framers of our constitution intended only to prohibit a political subdivision from levying a comprehensive tax on net income. In brief, the City carefully distinguishes the characteristics of the state and federal income taxes from those of the Earnings Tax. The City relies heavily on the fact the Earnings Tax is levied only on one source of income and is measured by a percentage of gross earnings, rather than net income. Additionally, the City notes the Earnings Tax is for the most part not progressive and does not incorporate a complex system of deductions, exemptions, and credits. Based on its comparison of basic characteristics, the City concludes:
In light of the fact the ordinance taxes working rather than income ... one must conclude that it is not even similar to an income tax.
Under the City's interpretation, the Earnings Tax would appear to be outside the scope of Article VII, Section 4(C).
The City sought also to show it is authorized to impose an Earnings Tax under its home rule charter. Article VI, Section 4 of the Louisiana Constitution of 1974 provides every home rule charter existing when the constitution was adopted remained in effect and local governmental subdivisions retained all powers and functions provided for under their charters, except those inconsistent with the constitution.
The City of New Orleans is currently organized under a Home Rule Charter effective since May of 1954. Section 3-101(2) provides:
The Council shall have the right to levy any and all classes of taxes excises (sic), licenses, liens and fees necessary for the proper operation and maintenance of the municipality for the payment of debt, and for capital improvements that are not expressly prohibited by the Constitution....
In Acorn v. City of New Orleans, 377 So.2d 1206 (La.1979), we acknowledged the City of New Orleans has full and complete power to impose all kinds and classes of taxes, except as expressly prohibited by the Constitution of the State of Louisiana.
The City argues correctly Constitutional scrutiny favors the ordinance. Statutes are presumed to be valid, and the constitutionality should be upheld whenever possible. State v. Griffin, 495 So.2d 1306 (La.1986). Accordingly, judicial self-restraint is appropriate when statutes are under constitutional attack. Sherman v. Cabildo Construction Company, 490 So.2d 1386 (La.1986). The presumption of validity accorded acts of the legislature applies with equal force to a municipal ordinance. City of Lake Charles v. Henning, 414 So.2d 331 (La.1982). It is clear the Earnings Tax should be accorded a presumption of validity with the burden resting upon those challenging the ordinance to prove it unconstitutional. State v. Griffin, supra.

* * * * * *
Our task is to interpret the meaning of "income tax" within the factual context presented. The words and terms expressed in the Constitution are to be interpreted by the courts with an understanding of the definitions which would have been given to those words or terms by the people when they adopted the Constitution. Chehardy v. Democratic Executive Committee, 249 So.2d 196 (La.1971).
Constitutional provisions are to be construed and interpreted by the same rules as are other laws. Aguillard v. Treen, 440 So.2d 704 (La.1983). Constitutional provisions which are plain and unambiguous must be given effect. Aguillard, supra. Provisions of the Constitution, no less than other laws, must be construed to give effect to the purpose indicated by a fair interpretation of the language used. State Ex Rel. Guste v. Board of Commissioners *218 of the Orleans Levee District, 456 So.2d 605 (La.1984).
Classification of a tax must be determined by its operational effect rather than by the descriptive language used in drafting the enactment. The realities of the tax must be examined; its substance, not its form. Trainer v. U.S., 800 F.2d 1086 (Fed. Cir.1986). To ascertain a precise definition of an income tax would prove to be a near impossible task. Such a definition must necessarily vary to conform to the various systems of income taxation.[4]
Our state income tax is generally "a tax upon the net income of residents, and non-residents, estates, trusts, and corporations...." La.R.S. 47:31.
According to Black's Law Dictionary 5th Ed., the term "income tax" may be defined as "A tax on a person's income, wages, salaries, commissions...."
Under 4 U.S.C. §§ 105-110, known as the Buck Act, it was clarified that state and other taxing authorities could collect income tax from employees of the federal government working in federal areas. For purposes of this act "income tax" was defined as "any tax levied on, with respect to, or measured by, net income, gross income, or gross receipts." 4 U.S.C. § 110.
Fortunately, our task is not to define "income tax," but merely to determine if the Earnings Tax should be classified as a prohibited form of "income tax" under our Constitution. Clearly we believe it must be so classified.
Income tax, as demonstrated, may be understood both technically and in more general terms. In interpreting the words of our Constitution, there is a presumption in favor of the natural and popular meanings in which words are usually understood by the people who adopt them. Chehardy, supra.[5] Evidence in this record establishes the income of a vast majority of the people in this state consist only of wages, salaries, and commissions. It would indeed be difficult to think these people, in adopting the Constitution, understood a tax on such earnings is not an income tax.
Both proponents and opponents of the Earnings Tax rely on the record of the debates at the constitutional convention in support of their position. We acknowledge proceedings of the constitutional convention which drafted the instrument should be given some weight in determining the purpose, intent and consequent meaning of provisions when found to be doubtful. New Orleans Firefighters Association v. Civil Service Commission of the City of New Orleans, 422 So.2d 402 (La.1982). Where, however, constitutional intent is evident and explicit language used, the court may not consider the history of a constitutional prohibition to arrive at a determination or construction which is inconsistant with the obvious purpose and meaning of the constitutional provision. Barnett v. Develle, 289 So.2d 129 (La.1974).
We do not find the meaning of "income tax" in Article VII, Section 4(C) to be doubtful. An income tax in most generally understood terms is a tax on income. The ordinance in question defines earnings to mean "the total wages, commissions, earnings, tips and/or salaries of an employee...." Section 62-51 (J)(1) (No. 11, 416 M.C.S.). For the vast majority of taxpayers, the Earnings Tax would be imposed on their major, if not only, source of income. Were we to interpret this provision of the Constitution so narrowly as to allow New Orleans to levy this tax, we would defeat the obvious constitutional purpose to prohibit local income taxes.
The New Orleans Earnings Tax was modeled apparently after similar municipal *219 income taxes now in place in other states. These taxes have been found to have five basic characteristics. A municipal income tax generally is (1) a flat rate, non-progressive tax; (2) levied on the earned income of all persons working within a taxing district; (3) without deduction, other than an initial exclusion of a fixed amount; (4) collected by the employers; (5) at a rate of one-half or one percent. Weekes v. City of Oakland, 579 P.2d 449 (Cal.1978), 7 Harv.J. Legis. 271 at 272. We conclude the Earnings Tax at issue in this case is a form of municipal income tax.
The City and others have argued the imposition of the Earnings Tax is necessary to alleviate the current fiscal crisis with which the City of New Orleans is faced. We, however, are constrained to note the fiscal needs of the City are irrelevant as regards the legal principles which mandate our decision. It is not our role to consider the policy or wisdom of the city fathers in adopting the ordinance. It is our province to determine only the applicability, legality and constitutionality of the ordinance. Such is our jurisdiction. Reynolds v. Louisiana Board of Alcoholic Beverage Control, 248 La. 639, 181 So.2d 377 (1965); Mouledoux v. Maestrie, 197 La. 525, 2 So.2d 11 (1941).
We conclude the Earnings Tax operates for a vast majority of the people as a tax upon their only source of income, their earnings. The consequence is to deprive them of a part of their income. In determining if the tax is a prohibited "income tax" it is this operational and consequential effect which must be given paramount consideration. We have determined the constitution affords no definitional guidance, nor is there relevant statutory material lending clarification to the term "income tax." We do not believe the people, in adopting the constitution, understood the term in a technical sense. In its usual signification, giving attention to the general and popular use of the words, there is no ambiguity. The intent of the redactors is, therefore, not a proper consideration in deciding the issue. Ultimately, it is not what the tax is called that is important. The decisive element is how the tax operates. Nor does the fact the State imposes its income tax on net income from various sources mitigate against the constitutional prohibition preventing cities from imposing a tax on a particular source or type of income, or on its gross amount as distinguished from its net amount.
Accordingly, we hold the New Orleans Earnings Tax (No. 11, 416 M.S.C.) violates Article VII, Section 4(C) of the Louisiana Constitution of 1974 with respect to the prohibition against levy of an income tax by a political subdivision of the state. Its unconstitutionality renders it a nullity. Having so found, other issues raised by this appeal are pretermitted.
AFFIRMED.
NOTES
[1] This ordinance was adopted by the Council on October 2, 1986, and approved by the Mayor on October 10, 1986. It purports to amend Chapter 62 of Ordinance No. 828 M.C.S., known as the Code of the City of New Orleans, by adding a new Article, designated as Article VII.
[2] Exempted from the tax are "... any individual performing any service performed by a duly ordained, commissioned or licensed minister of a church in the exercise of his ministry or by a member of a religious order in the exercise of duties required by such religious order." Exempted from "earnings" are various categories of revenue or "income," including "... income from governmental programs for assistance to or support of the unemployed, the elderly, the disabled or the indigent."
[3] Article VII, Section 4(C) provides: A political subdivision of the state shall not levy a severance tax, income tax, or tax on motor fuel. (Emphasis added.)
[4] The City maintains "there is a clear definition of `income tax' in the Constitution, as amplified in Title 47...." It understands Article VII, Section 4(A) to define "income tax" as a tax based on net income, limited by the rate schedules set forth in Title 47, Section 32 of the Louisiana Revised Statutes on January 1, 1974. We read the provision to furnish no definition, only requirements, method and the part of income (net) subject to the tax.
[5] We are instructed by Article 14 of the Civil Code that words are generally to be understood in their most usual signification, with great attention to be given to the general and popular use of the words of our language.