J^FOGG, J.
This is an appeal from a judgment, affirming an administrative decision of the Louisiana Board of Tax Appeals. The primary issue raised on appeal is whether *407 appellants are entitled to a resident income tax credit under LSA-R.S. 47:33 on that part of their adjusted gross income which was also subjected to Texas’ franchise tax, V.T.C.A., Tax Code § 171.001 et seq. For the following reasons, we reverse.
Throughout the calendar year of 1995, Joseph P. and Ann H. Perez were residents of the State of Louisiana and the sole shareholders of International Biochemicals Group, Inc. (the “Corporation”), a Louisiana corporation that filed an “S” election for state income tax purposes. See LSA-R.S. 47:287.732. The Corporation conducted a substantial portion of its business from its plant in Houston, Texas. In 1995, over 83% of its net taxable income was derived from sources outside of Louisiana.
The 1995 total federal taxable income of the Corporation was $1,581,281, and the amount apportioned to Texas was $1,313,-886. For the calendar year 1995, the Corporation paid the State of Texas a tax in the amount of $59,124.88 pursuant to V.T.C.A., Tax Code § 171.001 et seq. based on the net taxable earned surplus and net taxable capital apportioned to Texas.[1] The Perezes’ Louisiana tax liability for calendar year 1995 was $63,336 before credits.
The Perezes filed a 1995 Louisiana resident individual income tax return claiming a credit for $52,101.02[2] of the total tax paid by the Corporation to the State of Texas. On January 7, 1997, the | ¡¡Louisiana Department of Revenue and Taxation (the “Department”) sent the Per-ezes a notice of assessment and notice of the right to appeal to the Louisiana Board of Tax Appeals, denying their claim for a refund of their Louisiana personal income taxes for calendar year 1995 and assessing additional personal income taxes of $24,-954, plus interest to February 6, 1997, in the amount of $2,730.97. The basis for the denial of the refund and the assessment was the disallowance of a credit for the Texas franchise tax claimed by the Perezes under LSA-R.S. 47:33.
Pursuant to LSA-R.S. 47:1565, the Perezes appealed the assessment to the Board of Tax Appeals on February 19, 1997. On July 1, 1997, the Board of Tax Appeals upheld the assessment, disallowing the credit because the Texas tax was the obligation of the Corporation and not the obligation of the Perezes individually. The Perezes then sought judicial review of the Board of Tax Appeals’ decision with the Nineteenth Judicial District Court, where the decision was affirmed. See LSA-R.S. 47:1434-1436. The Perezes now appeal that judgment, contending the Board of Tax Appeals and the district court erred in finding that they are not entitled to a resident income tax credit under LSA-R.S. 47:33 on that part of their adjusted gross income which was also subjected to Texas’ franchise tax, V.T.C.A., Tax Code § 171.001 et seq.
At all pertinent times, LSA-R.S. 47:33[3] provided, in pertinent part:
Subject to the following conditions, resident individuals shall be allowed a credit against the taxes imposed by this Chapter for net income taxes imposed by and paid to another state on income taxable under this Chapter; provided that—
(1) The credit shall be allowed only for taxes paid to the other state on *408 income which is taxable |4under its law irrespective of the residence or domicile of the recipient.
This credit is available only for net income taxes paid to another state. Therefore, resolution of this case initially turns on the question of whether the Texas franchise tax is a net income tax under Louisiana law. In the case of City of New Orleans v. Scramuzza, 507 So.2d 215 (La.1987), the Louisiana Supreme Court examined the New Orleans Earnings Tax Ordinance to determine whether it imposed an “income tax” in derogation of Article VII, Section 4(C) of the Louisiana Constitution of 1974. Therein, the court declined to define precisely the term “income tax” stating that “a definition must necessarily vary to conform to the various systems of income taxation.” Scramuzza, 507 So.2d at 218. The court determined that in classifying a tax the operational and consequential effect of the tax must be given paramount consideration. Scramuzza, 507 So.2d at 219. “Ultimately, it is not what the tax is called that is important. The decisive element is how the tax operates.” Scramuzza, 507 So.2d at 219. With this guidance, we will determine whether the Texas tax should be characterized as a net income tax for the limited purpose of applying LSA-R.S. 47:33 to the facts of this case. See Scramuzza, 507 So.2d at 218.
V.T.C.A., Tax Code § 171.001(a) imposes a “franchise tax” on each corporation that does business in the State of Texas. With respect to the rates and computation of the franchise tax, Section 171.002 provides, in pertinent part, as follows:
(a) The rates of the franchise tax are:
(1) 0.25 percent per year of privilege period of net taxable capital; and
(2) 4.5 percent of net taxable earned surplus.
(b) The amount of franchise tax on each corporation ... is computed by adding the following:
|fi(l) the amount calculated by applying the tax rate prescribed by Subsection (a)(1) to the corporation’s net taxable capital; and
(2) the difference between:
(A) the amount calculated by applying the tax rate prescribed by Subsection (a)(2) to the corporation’s net taxable earned surplus; and
(B) the amount determined under Subdivision (1).
It is undisputed that the label “franchise tax” placed on this legislation is not controlling when considering the issue of the classification of the tax. Under Texas law, the term “net taxable earned surplus” is essentially defined in Section 171.110(a) of the Texas Tax Code as the corporation’s federal taxable income apportioned to Texas based upon the ratio of gross receipts from business done in Texas to gross receipts from its entire business, subject to various adjustments.
The Texas statute imposes a tax based in part on the Corporation’s federal taxable income. This is essentially the same income of the Perezes that is taxed by the State of Louisiana under Title 47. Pursuant to Part III of Chapter 1 of Subtitle II of Title 47, which sets forth the provisions that govern the imposition of income tax on individuals in the State of Louisiana, “adjusted gross income” means, for any taxable year and for any individual, the adjusted gross income of the individual for the taxable year that is reportable on the individual’s federal income tax return. LSA-R.S. 47:293(1). Therefore, the Louisiana income tax on individuals and that portion of the Texas tax imposed on net taxable earned surplus are essentially the same as both are based on federal taxable income.
We find that the operational effect of that portion of the Texas tax imposed on net taxable earned surplus in this case is to tax the net income of the Corporation. Therefore, we conclude that the Texas tax, to the extent it was imposed on an income base, is a net income tax imposed by and paid to another state on | ¿income also tax *409 able under Louisiana’s income tax laws, as required for the application of LSA-R.S. 47:33.
The Department contends that the credit cannot be given to the Perezes for a tax liability owed and paid by the Corporation. There is no statutory requirement that the tax be imposed on the individual' shareholders of an “S” Corporation or that the shareholders have personal liability for the tax in order for the credit to be allowed. LSA-R.S. 47:33 does not require that the tax paid to the other state be imposed on or paid by the individual taxpayer. As long as a net income tax of another state is “paid” to that other state on income also taxable by Louisiana, a credit is allowed. Therefore, the fact that the Corporation paid the Texas tax does not prevent the tax from being available to an individual taxpayer for a credit pursuant to LSA-R.S. 47:33.
In conclusion, we hold that the portion of V.T.C.A., Tax Code § 171.001 et seq., which imposes a tax on the net taxable earned surplus of a corporation is a net income tax for purposes of LSA-R.S. 47:33, and the Perezes are entitled to a credit against their Louisiana tax liability under that legislation. Accordingly, the decision of the Board of Tax Appeals, as affirmed by the district court, is reversed. Judgment is rendered finding that the Perezes had no deficiency on their Louisiana tax liability for 1995 and are entitled to a refund of personal income taxes previously paid in the amount of $25,966, plus interest. The Louisiana Department of Revenue and Taxation is hereby ordered to issue a refund in the amount of $25,966 plus interest as provided by law to Joseph P. and Ann H. Perez. Costs in the sum of $1,054.32 are assessed against the Louisiana Department of Revenue and Taxation.
REVERSED AND RENDERED.

.Under V.T.C.A., Tax Code § 171.002, the Corporation was liable for the tax on net taxable capital plus the excess of the tax on net taxable earned surplus over the tax on net taxable capital. The tax on net taxable earned surplus for the calendar year 1995 was $59,124 .88 and the tax calculated on net taxable capital was $7,023.86. Hence, the liability for the portion of the tax on net taxable earned surplus was $52,101.02 ($59,-124.88-$7,023.86).

. The Perezes' tax withholdings and paid estimates for 1995 totaled $37,201.

. This statute was amended by La. Acts 1998, No. 53, § 1; the effective date of the amendment was August 15, 1998.