593 So.2d 368 (1992)
Arny Ray REED, Jerry T. Boyce, and Five M. Enterprises, Inc. d/b/a Triangle Shell
v.
The CITY OF NEW ORLEANS and Paul C. Mitchell, Jr., Director of Finance of the City of New Orleans.
No. 91-CA-1565.
Supreme Court of Louisiana.
January 17, 1992.
Rehearing Denied February 20, 1992.
*369 Joel Phillip Loeffelholz, New Orleans, William Aaron, City Atty., Dan Brian Zimmerman, Deputy City Atty., for appellant.
William Francis Grace, Jr., Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, for appellee.
William J. Guste, Jr., Atty. Gen., Jesse James Marks, Asst. Atty. Gen., for State of La.
HALL, Justice.
Plaintiffs, purchasers, consumers, and a retailer of tobacco products, filed suit against the City of New Orleans seeking to have the city ordinance imposing a "tobacco consumption privilege tax" declared invalid in that (1) imposition of the tax was not authorized by the legislature and approved by a majority of the electors as required by LSA-Const. Art. VI, § 29, and (2) the ordinance was not enacted at a regular meeting of the city council as required by the City's home rule charter.
After motions for summary judgment were filed by the parties, the district court found that the tax ordinance was adopted in accordance with the charter provisions, but held that adoption of the tax, which in operation and effect is a sales tax, without approval of the electors was prohibited by the constitutional article. Summary judgment was rendered in favor of plaintiffs declaring the ordinance unconstitutional and ordering the refund of taxes paid under protest. The City appealed directly to this court in accordance with LSA-Const. Art. V, § 5(D). Plaintiffs appealed protectively, asserting their claim that the ordinance was not adopted in accordance with provisions of the city charter. Agreeing with the decision of the district court, we affirm the judgment.
On appeal, the City urges that the trial court erred in finding that the tax in question is a sales tax within the contemplation of LSA-Const. Art. VI, § 29 because the tax is a special excise tax upon the privilege of consuming tobacco products, the imposition of which is not prohibited by the constitutional provision. It is argued that *370 the ordinance does not tax the sale of tobacco products, but taxes the privilege of consuming such products, and is therefore an excise tax rather than a sales tax. The City points out that it has the authority under its home rule charter to enact all taxes not expressly prohibited by the constitution. The City also urges that this action is barred by laches, having been brought some six years after the tax ordinance was first enacted.
The tax ordinance was adopted by the New Orleans City Council on November 29, 1984, without specific authorization by act of the legislature and without submitting the proposition to a vote of the electors of the City. Designated as Chapter 63A of the City Code, the ordinance levies a tax upon the privilege of consuming within Orleans Parish all cigars, cigarettes, smoking tobacco, chewing tobacco, snuff and other tobacco products. It establishes a rebuttable presumption that all tobacco products purchased at retail within the parish are purchased for personal consumption within the parish. The tax was levied at the rate of 5 percent of the value of the tobacco product at the time of consumption, which value is determined by the price of the product when purchased at retail, regardless of whether the consumer and purchaser at retail are the same person. The value of any tobacco product consumed in the parish but not purchased at retail in the parish is deemed to be the average retail price of such product as determined by the Director of Finance on the basis of tax returns filed. The tax is due and payable in advance at the time of purchase and the seller of the product has the duty to collect and remit the tax to the Department of Finance. The tax cannot be assumed by the seller, who must collect the tax from the retail purchaser. Retail sellers of tobacco products are required to obtain a permit from the City, without charge. Consumers are required to remit the tax to the Department of Finance when no tax has been collected by the seller.
Section 63A-1 was amended in December 1986 to increase the tax rate from 5 to 10 percent. In December 1988, the section was amended a second time to increase the tax rate from 10 to 20 percent with a provision that the rate would revert back to 10 percent on January 1, 1992.
LSA-Const. Art. VI, § 29(A) and (B) provide:
§ 29. Local Governmental Subdivisions and School Boards; Sales Tax
Section 29. (A) Sales Tax Authorized. Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.
(B) Additional Sales Tax Authorized. However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose.
Article VI, § 29 authorizes a local governmental subdivision to levy a tax on the sale, use or consumption of tangible personal property. Except where otherwise authorized by a home rule charter, such a tax must be approved by a majority of the electors of the governmental subdivision. The rate of the tax, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, cannot exceed three percent. Additional sales and use taxes may be imposed if authorized by the legislature and approved by the electors.
Thus, the City of New Orleans, which is authorized by its home rule charter to impose any taxes not prohibited or inconsistent *371 with the constitution, LSA-Const. Art. VI, § 4; LSA-Const. Art. XIV, § 22 (1921); Act 159 of 1912, amended by Act 338 of 1936; Hildebrand v. City of New Orleans, 549 So.2d 1218 (La.1989), cert. denied, 494 U.S. 1028, 110 S.Ct. 1476, 108 L.Ed.2d 613 (1990); City of New Orleans v. Scramuzza, 507 So.2d 215 (La.1987); Acorn v. City of New Orleans, 377 So.2d 1206 (La.1979); Mouledoux v. Maestri, 197 La. 525, 2 So.2d 11 (1941), may not impose a sales, use or consumption tax in excess of 3 percent without legislative authorization and approval by the electors. The City does not contend otherwise.
If the tobacco consumption privilege tax is a sales or use tax within the contemplation of LSA-Const. Art. VI, § 29, it is invalid and unconstitutional because it exceeds 3 percent and was not authorized by the legislature or approved by the voters.
The nature of a tax is determined not by its title, but by its incidents, attributes and operational effect. The realities and substance of the tax must be examined, not its form. City of New Orleans v. Scramuzza, supra; City of New Orleans v. Christian, 229 La. 855, 87 So.2d 6 (1956); Fleischmann Co. v. Conway, 168 La. 547, 122 So. 845 (1929); Lionel's Cigar Store v. McFarland, 162 La. 956, 111 So. 341 (1927).
A sales and use tax is a tax on the privilege of selling or purchasing and using or consuming tangible personal property. It is a form of excise tax. Mouledoux, supra. Sales and use taxes may be general, applying to tangible personal property generally, or selective, applying to one specific commodity or group of commodities. Selective sales and use taxes are sometimes referred to as excise taxes, but are nonetheless sales and use taxes. A sales and use tax is a consumption tax, applying to commodities intended for consumption and the burden of which falls on the consumer.
Thus, even by title and description, the tobacco consumption privilege tax appears to be a sales and use tax since it is levied on the privilege of consuming tobacco products, measured by the retail sales price.
The incidents and attributes of the tax are those of a sales and use tax. The tax is due and payable at the time of the sale or purchase. The tax is levied on the purchaser and collected by the seller. The seller cannot assume the tax and must collect it from the purchaser. The tax is calculated as a percentage of the retail sales price. The tax ordinance closely tracks the form and substance of the state general sales and use tax, LSA-R.S. 47:301 et seq., the only significant difference being that the tax is limited to one group of commodities, tobacco products.
It is of no consequence that the tax targets the sale, use or consumption of only one specific group of commodities. LSA-Const. Art. VI, § 29 regulates the imposition by a municipality of a tax on the sale, use or consumption of any tangible personal property without exception. Nothing in the language of the constitutional article indicates that it is applicable only to a general sales and use tax or that it is not applicable to a tax on the sale or use of a specific commodity or group of commodities.
As held by the district court, the City of New Orleans tobacco consumption privilege tax is unconstitutional as violative of LSA-Const. Art. VI, § 29, in that it is a sales, use and consumption tax exceeding 3 percent enacted by the City Council without legislative authorization and voter approval.
The City's argument that this action attacking the validity of the tax is barred by laches since it was filed some six years after enactment of the ordinance is likewise without merit. The defense of laches cannot be asserted against a suit attacking the constitutionality of an ordinance. Vieux Carre Property Owners and Associates, Inc. v. City of New Orleans, 246 La. 788, 167 So.2d 367 (1964).
Since we find the tax to be unconstitutional, we need not consider whether the tax was enacted by the Council in accordance with the procedures provided in the City's home rule charter.
*372 The judgment of the district court is affirmed.
AFFIRMED.