645 So.2d 1139 (1994)
Dixie Y. GALLASPY
v.
WASHINGTON PARISH POLICE JURY and Richard Ieyoub, Attorney General.
No. 94-CA-1434.
Supreme Court of Louisiana.
November 30, 1994.
*1140 Dale Edgar Branch, Bogalusa, Hon. Walter P. Reed, Dist. Atty., for applicant.
John N. Gallaspy, Bogalusa, Hon. Richard P. Ieyoub, Atty. Gen., Roland J. Dartez, Baton Rouge, for respondent.

FACTS AND PROCEDURAL HISTORY
KIMBALL, Justice.[*]
This is a direct appeal from a judgment of the Twenty-Second Judicial District Court, Parish of Washington, declaring an ordinance, enacted by the Washington Parish Police Jury purporting to impose a tax upon the occupancy of hotel rooms and other recreational facilities in that parish, unconstitutional. For the reasons discussed below, we conclude that the ordinance is unconstitutional and therefore affirm the judgment of the trial court.
On December 29, 1992, the Washington Parish Police Jury (the Parish) enacted Ordinance No. 49 to fund the Washington Parish Tourism Commission, which the Parish had created earlier that year. This ordinance, which the Parish maintains was passed pursuant to La.Rev.Stat. 33:4574.1,[1] imposed a three percent (3%) "tax upon the occupancy of hotel rooms, bed and breakfasts, motel rooms, and overnight camping facilities, including campgrounds" within Washington Parish. However, the tax was enacted without an election.
On August 30, 1993, Dixie Y. Gallaspy, who operates a bed and breakfast facility in Washington Parish, filed suit against the Washington Parish Police Jury and the Attorney General of Louisiana seeking to have Ordinance No. 49 declared unconstitutional. She alleged in her petition that the tax: (1) is a sales tax which when combined with the rate of all other sales and use taxes in Washington Parish exceeds three percent, (2) was passed without an election in violation of La. Const.1974 Art. VI, Section 29, and (3) violates La.Rev.Stat. 33:4574.1 by authorizing a 3% occupancy tax when La.Rev.Stat. 33:4574.1 only authorizes a 2% tax.
After the Parish answered the plaintiff's petition, plaintiff moved for summary judgment on the issue of the ordinance's constitutionality. On March 30, 1994, the trial court granted a summary judgment in favor of Ms. Gallaspy and against the Washington Parish Police Jury, declaring that Ordinance No. 49 is in conflict with La. Const.1974 Art. VI, Section 29 and is, therefore, unconstitutional. The Parish filed a direct appeal in this Court in accordance with Article V, Section 5(D) of the Louisiana Constitution of 1974.[2]
*1141 On appeal, the Parish argues that: (1) the district court erred in holding that the tax is a sales tax; (2) Ordinance No. 49 does not conflict with La.Rev.Stat. 33:4574.1; and (3) the court erred in finding the plaintiff met her burden of proving that Ordinance No. 49 was unconstitutional.

LAW AND ANALYSIS
We turn now to the issue of the classification of the tax created by Ordinance No. 49. In so doing, we are mindful that if this tax is indeed a sales tax, Ordinance No. 49 cannot pass constitutional muster because one of the constitutional restrictions on a local governing authority's exercise of its taxing powers is the requirement that a proposed sales tax be approved by a majority of the electors at a public election held for that purpose. La. Const.1974 Art. VI, Section 29(A). See also Radiofone v. City of New Orleans, 616 So.2d 1243, 1247 (La.1993).
La. Const.1974 Art. VI, § 29(A) and (B) provide:
Section. 29.(A) Sales Tax Authorized.
Except as otherwise authorized in a home rule charter as provided for in Section 4 of this Article, the governing authority of any local governmental subdivision or school board may levy and collect a tax upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services as defined by law, if approved by a majority of the electors voting thereon in an election held for that purpose. The rate thereof, when combined with the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision, shall not exceed three percent.
(B) Additional Sales Tax Authorized.
However, the legislature, by general or by local or special law, may authorize the imposition of additional sales and use taxes by local governmental subdivisions or school boards, if approved by a majority of the electors voting thereon in an election held for that purpose.
La. Const. 1974 Art. VI, § 29 allows a local governing authority to levy a tax on "sales of services as defined by law." La.Rev.Stat. 47:301(14)(a) defines "the furnishing of sleeping rooms, cottages, or cabins by hotels" as a "sale of services." The parish argues that the tax in this case is not a tax on the sale of services because the legislature in La.Rev. Stat. 33:4574.1, created the transaction of "occupancy of hotel rooms, motel rooms, and overnight camping facilities" and that this transaction is a separate transaction from the furnishing of sleeping rooms, cottages, or cabins by hotels. For the reasons which follow, we disagree.
The nature of a tax is determined not by its title, but by its incidents, attributes, and operational effect. Reed v. City of New Orleans, 593 So.2d 368, 371 (La.1992); See also Cox Cable New Orleans v. The City of New Orleans, 624 So.2d 890 (La.1993); Circle Food Stores v. City of New Orleans, 620 So.2d 281 (La.1993); Radiofone v. City of New Orleans, 616 So.2d 1243 (La.1993). As we noted in Reed v. City of New Orleans, supra, in making the determination of whether a tax is a sales tax, the realities and substance of the tax, rather than its form, must be examined. Id. at 371. See also City of New Orleans v. Scramuzza, 507 So.2d 215 (La.1987); City of New Orleans v. Christian, 229 La. 855, 87 So.2d 6 (1956); Lionel's Cigar Store v. McFarland, 162 La. 956, 111 So. 341 (1927).
In Reed, supra, purchasers, consumers, and a retailer of tobacco products filed suit against the City of New Orleans seeking to have a city ordinance imposing a "tobacco consumption tax" declared unconstitutional. The district court rendered a summary judgment in favor of the plaintiff's declaring the ordinance unconstitutional. On direct appeal, we held that the tax was unconstitutional in that it was a sales, use, and consumption tax exceeding three percent which was enacted by the city council without legislative authorization or voter approval. Reed, 593 *1142 So.2d at 371. In deciding Reed, we set forth the following factors to be used in determining whether a tax's incidents, attributes, and operational effect are the incidents, attributes, and operational effect of a sales tax: (a) whether the tax is due and payable at the time of sale or purchase; (b) whether the tax is levied on the purchaser and is collected by the seller, who cannot assume the tax himself but must collect it from the purchaser; (c) whether the tax is collected as a percentage of the retail sales price; and (d) whether the tax closely tracks the form and substance of the state general sales and use tax, La.Rev. Stat. 47:301 et seq. See Reed, 593 So.2d at 371.
As we noted in Circle Food Stores, supra, while the Reed criteria are not exclusive, they do serve as guideposts for analyzing whether the incidents, attributes, and operational effect of a given tax are the incidents, attributes, and operational effect of a sales tax. We turn now to an analysis of those factors.

1. Is the tax due and payable at the time of the sale or purchase?
Section 3(A) of Ordinance No. 49 provides that the tax levied and imposed by the ordinance shall be paid by the person or persons who exercise or who are entitled to occupancy of the hotel room, motel room, overnight camping facility, or campground and that the tax shall be paid at the time the rent or fee of occupancy is paid. We note that in Reed, the City of New Orleans argued that the tax was on the privilege of consuming tobacco products as opposed to the sale of those products and was, consequently, not a sales tax. Here, Washington Parish argues the tax is on the occupancy of hotel rooms and other recreational facilities, as opposed to the sale of the services. The Parish argues that the tax is not a sales tax because the legislature in enacting La.Rev.Stat. 33:4574.1, intended to create a different transaction from "the furnishing of hotel rooms" as provided for in La.Rev.Stat. 47:301(14)(a).
We note that La. Const. 1974 Art. VI, Section 29 includes "sales of services as defined by law" among those things susceptible of being taxed at the point of sale. Moreover, La.Rev.Stat. 47:301(14)(a) defines "the furnishing of sleeping rooms, cottages, or cabins by hotels" as a "sale of services." Because we conclude that in every situation where a hotel or other provider of sleeping rooms furnishes a room, someone will either exercise or be entitled to exercise the occupancy of that room, we see no rational basis for reaching any conclusion other than that the furnishing and occupying of hotel rooms are part and parcel of the same transaction. It follows, then, that the point of sale in this transaction is when one pays for the privilege of occupying the room. Hence, it is clear that the tax in this case is due and payable at the time of sale or purchase because the ordinance requires that the tax be paid at the time the rent or fee of occupancy is paid.

2. Must the tax be collected from the purchaser, or can it be assumed by the seller?
In Circle Food Stores, supra, 620 So.2d 281 (La.1993), we recognized that the lack of a mandatory requirement that the retailer pass the tax on to the consumer is neither dispositive nor of any great significance in determining the status of the tax. Citing Due, The Nature and Structure of Sales Taxation, 9 Vand.L.Rev. 123, 130-31 (1956), we noted:
Provisions in the law relating to shifting of the tax are not likely to be of great significance. A tax levied on sales will tend to shift forward in the form of higher prices whether required by law or not, and retailers who seek to absorb the tax for competitive reasons can easily do so despite mandatory shifting provisions.
Circle Food Stores, 620 So.2d at 285. However, in this case, Section III(A) clearly states that "the tax levied and imposed by this ordinance shall be paid by the persons who exercise or are entitled to occupancy of the hotel room, motel room, overnight camping facility or campground." By using the mandatory language "shall be paid by the persons who exercise or are entitled to occupancy," it is clear that the police jury intended for the tax to be paid by the purchaser. Moreover, Section III(B) provides that "the tax levied and imposed by this ordinance *1143 shall be collectible from all persons engaged in as (sic) dealers or operators of the facilities for which this occupancy tax is imposed." This provision also uses mandatory language and demonstrates the police jury's intention that the tax must be collected from those persons selling the privilege of occupancy. Hence, the tax imposed by Ordinance No. 49 satisfies the second Reed criteria that the seller cannot assume the tax but must collect it from the purchaser.

3. Is the tax collected as a percentage of the retail sales price?
In Reed, supra, the tax which was held to be unconstitutional was set at five percent of the value of the tobacco product at the time of consumption, and the consumption value of the product was determined by the price of the product when purchased at retail regardless of whether the consumer and purchaser at retail were the same person. In Circle Food Stores, supra, we recognized that it is irrelevant whether the tax rate is calculated as a flat amount per unit of product rather than as a percentage of the sales price. Circle Food Stores, 620 So.2d at 285. Section II(B) of Ordinance No. 49 provides that "the tax levied and imposed hereby is fixed at the rate of three percent (3%) of the rental or fee charged for such occupancy as defined and described in this ordinance." Therefore, in this case, the Reed criteria which considers whether the tax is collected as a percentage of the retail sales price, is easily satisfied as well.

4. Does the tax ordinance closely track the form and substance of the state general sales and use tax?
As in Reed, supra, and Circle Food Stores, supra, Ordinance No. 49 is similar to and closely tracks the form and substance of the state general sales and use tax. See La.Rev. Stat. 47:301 et seq. Like the tax at issue in Reed, the only significant difference between the tax imposed by Ordinance No. 49 and the state general sales and use tax is that Ordinance No. 49 is limited to one type of commodity. That commodity includes any hotel room, bed and breakfast, motel room, and overnight camping facility, including campgrounds in Washington Parish. Moreover, Ordinance No. 49 also uses terminology which is similar to that used in the state sales and use law, and Ordinance No. 49's collection procedure is identical to the collection procedure for the sales and use taxes imposed by the Washington Parish Police Jury. In fact, section III(C) of Ordinance No. 49 provides that "the taxes levied and imposed hereunder shall be due and payable monthly at the same time and on the dates as the sales and use tax imposed by the Washington Parish Police Jury is due and payable." In Circle Food Stores, supra, we were impressed by the fact that the reporting and record keeping requirements applicable to the tobacco tax at issue in that case bore a close resemblance to both the state and City of New Orleans general sales tax. In this case, we note that Ordinance No. 49 is similar to both the state sales and use tax, La. Rev.Stat. 47:301 et seq., and the Washington Parish sales and use tax provisions. Thus, we are convinced that the tax imposed by this ordinance also satisfies the final Reed criteria which examines whether the tax closely tracks the form and substance of the state general sales and use tax.
Our analysis of the incidents, attributes, and operational effect of the tax imposed by Ordinance No. 49 in light of the factors we articulated in Reed, supra, and analyzed in Circle Food Stores, supra, leads us to conclude that the tax imposed by Ordinance No. 49 is a sales tax. We recognized in the Circle Food Stores decision that the tobacco tax at issue in that case did not satisfy all four of the Reed criteria. However, noting that those criteria are not exclusive, we held that because the tax at issue in Circle Food Stores had the operational effect and essential characteristics of a sales, use, or consumption tax, it was proper to classify it as such. In this case we find a closer nexus between the Reed criteria and the incidents, attributes, and operational effect of the tax imposed by Ordinance No. 49 than we found in Circle Food. A fortiori, we conclude that the same result should obtain in this case.
Accordingly, we hold that the three percent (3%) tax imposed by Washington Parish Ordinance No. 49 is a sales tax. Our resolution of the issue of the tax's classification automatically renders this tax unconstitutional *1144 because it is a sales tax passed without the approval of the Washington Parish electorate in violation of La. Const. 1974 Art. VI, Section 29.[3] The judgment of the trial court declaring Washington Parish Ordinance No. 49 unconstitutional is therefore affirmed.[4]

DECREE
AFFIRMED.
NOTES
[*] Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994. Watson, J., not on panel. Rule IV, Part 2, § 3.
[1] La.Rev.Stat. 33:4574 authorizes the creation of tourist commissions by the parish governing authorities in this state. La.Rev.Stat. 33:4574.1 authorizes local governing authorities to levy taxes on the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the tourist commissions to fund their operation.
[2] La. Const. 1975 Art. V, § 5(D) provides:

"In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death has actually been imposed."
[3] La. Const. 1974 Art. VI, Section 29(A) requires that the rate of all other sales and use taxes, exclusive of state sales and use taxes, levied and collected within any local governmental subdivision shall not exceed three percent. Because we conclude that the tax imposed by Ordinance No. 49 is unconstitutional given the fact that it is a sales tax passed without an election, we need not address the issue of whether this tax raised the rate of local sales and use taxes in Washington Parish above the rate of three percent.
[4] Because our resolution of the tax classification issue is dispositive in this case, we need not address the Parish's remaining assignments of error.