Dear Mr. Burton:
You have requested an opinion of the Attorney General regarding Acts 47 and 61 of the 1995 Regular Session of the Louisiana Legislature as they relate to hotel and motel occupancy taxes. You state that the Beauregard Parish Police Jury ("Parish") recently repealed its hotel-motel tax, as a result of a decision of the Louisiana Supreme Court in Gallaspy v. WashingtonParish Police Jury, 645 So.2d 1139 (La. 1994), wherein the Court ruled that a hotel-motel tax is a sales tax which must be approved by the electorate. You further state that, pursuant to Act 47, which enacted R.S. 33:4574.1-A, the Beauregard Tourist Commission ("Commission") enacted a 2% hotel-motel tax which is currently being collected.
As you note in your request, Act 61 further enacted R.S.33:4574.1(P) which provides the following:
 "P.(1) Notwithstanding the rate limitation in Subsection A of this Section, the governing authority of Beauregard Parish is hereby authorized to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the Beauregard Parish Tourism Commission not to exceed four percent of the rent or fee charged for such occupancy.
 (2) One-half of the revenues derived from the proceeds of the increase shall be used for the tourism center and the remaining one-half shall be used for the construction, operation, and maintenance of the Beauregard Parish Covered Arena.
You have requested us to review the provisions of Acts 47 and 61 and, thereafter, to answer the following questions:
1. Is the 4% tax authorized by R.S. 33:4574.1(P) an additional tax which can be levied over and above the 2% tax enacted by the Commission pursuant to R.S. 33:4574.1-A?
2. Does the 4% tax which can be levied by the governing authority of Beauregard Parish pursuant to R.S. 33:4574.1(P) require a vote of the people?
In answer to your first question, we refer you to R.S. 33:4574.1, as amended by Act 47. It provides in pertinent part, the following:
 "A.(1)(a)(ii) The rates of occupancy tax authorized for the governing authorities of parishes by this Subsection, any other provision of this Section, R.S. 33:4574.7 or 4574.8, or any other local, special, or general law shall be reduced by one percent for each one percent rate of occupancy tax levied as provided for in R.S. 33:4574.1- A."
As can be gleaned from the above, since the Commission is currently collecting a 2% tax pursuant to Section 4574.1-A, said tax must be applied to, and deducted from, the 4% tax authorized to be collected by the Parish by Act 61. Thus, the Parish would be authorized to levy and collect only 2% of the 4% tax authorized by R.S. 33:4574.1(P).
In answer to your second question, we refer you to Article VI, Section 29(A) and (B) of the Louisiana Constitution of 1974 ("Constitution") as discussed in Gallaspy v. WashingtonParish Police Jury, cited supra. As you note in your request, the Court in Gallaspy held that the hotel-motel occupancy tax constitutes a sales tax and, as such, must be approved by the electorate pursuant to Article VI, Section 29. Accordingly, should the Parish wish to enact an additional 2% tax pursuant to R.S. 33:4574.1(P), said tax must be approved by the electorate. This is consistent with R.S.33:4574.1(A)(1)(a)(iii), as enacted by Act 47, which provides:
 "A.(1)(a)(iii) Except as provided in Subsection (C) of this Section, no new tax or tax increase shall be levied pursuant to the provisions of this Section or any local, special, or general law after January 1, 1995, unless approved by a majority of the electors of the parish or parishes voting thereon in an election held for that purpose."
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ______________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General