Dear Mr. Aucoin:
You requested the opinion of this office concerning the procedure for the River Parishes Convention, Tourist and Visitors Commission (the "Commission") to levy and collect a hotel/motel occupancy tax in accordance with the authority set forth in R.S. 33:4574.12 (D) (1) (a).
R.S. 33:4574.12 creates the Commission as a political subdivision whose jurisdiction is within the parishes of St. Charles, St. John the Baptist, and St. James. Subparagraph (D) (1) (a) authorizes the Commission to levy and collect a hotel/motel occupancy tax within the parishes in an amount not to exceed two percent of the rent or fee charged for such occupancy. Subparagraph (D) (1) (e) provides that the Commission shall impose the tax by ordinance. The Commission may provide for necessary and appropriate rules and regulations for the imposition, collection, and enforcement of the tax. Subparagraph (D) (1) (f) further provides that the Commission may enter into a cooperative endeavor under such terms and conditions as it may deem appropriate, including payment of a reasonable collection fee, with the governing authority of any member parish or with any public entity authorized to collect sales or use taxes for the collection of the hotel/motel occupancy tax.
In Gallaspy v. Washington Parish Police Jury, 645 So.2d 1139 (La. 1994), the Louisiana Supreme Court ruled that a hotel/motel tax is a sales tax. Accordingly, we suggest that the Commission adopt an ordinance providing for the levy and collection of the tax following the statutory procedures for the levy and collection of a sales tax. Sales taxes must be collected by the central sales tax collection commission as required by Article VII, Section 3 (B) of the Louisiana Constitution.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________________ MARTHA S. HESS ASSISTANT ATTORNEY GENERAL
RPI/MSH