Dear Mr. Aucoin:
You requested clarification of Op.Atty.Gen. 01-0443 particularly as to whether a hotel/motel tax imposed by the River Parishes Convention, Tourist and Visitors Commission (the "Commission") must be voted on by the public.
The authorization for the Commission to levy and collect a hotel/motel occupancy tax is set forth in R.S. 33:4574.12. R.S. 33:4574.12 creates the Commission as a political subdivision whose jurisdiction is within the parishes of St. Charles, St. John the Baptist, and St. James. Subparagraph (D) (1) (a) authorizes the Commission to levy and collect a hotel/motel occupancy tax within the parishes in an amount not to exceed two percent of the rent or fee charged for such occupancy. Subparagraph (D) (1) (e) provides that the Commission shall impose the tax by ordinance. The Commission may provide for necessary and appropriate rules and regulations for the imposition, collection, and enforcement of the tax. Subparagraph (D) (1) (f) further provides that the Commission may enter into a cooperative endeavor under such terms and conditions as it may deem appropriate, including payment of a reasonable collection fee, with the governing authority of any member parish or with any public entity authorized to collect sales or use taxes for the collection of the hotel/motel occupancy tax. There is no statutory requirement that the Commission present this issue to the voters prior to imposition of the tax.
Nor is there a constitutional requirement for an election. Hotel/motel occupancy taxes are considered sales taxes. Gallaspy v. Washington ParishPoilce Jury, 645 So.2d 1139 (La. 1994). La. Const. Art. VI, § 29
authorizes local governmental subdivisions and school boards to levy and collect sales and use taxes after approval by a majority of the electors voting thereon in an election held for that purpose. La. Const. Art. VI, § 44 defines "local governmental subdivision" to mean "any parish or municipality". In Board of Directors of the Louisiana Recovery DistrictV. All Taxpayers, Property Owners, and Citizens of the State ofLouisiana, 529 So.2d 384 (La. 1988), the Louisiana Supreme Court held that the legislature could create a special district and give it the authority to levy a sales tax without prior approval of a majority of the electors, because the Louisiana Recovery District was not a local governmental subdivision. The Commission is not a local governmental subdivision subject to the election requirements of Article VI, Section 29.
In summary, we are not aware of any constitutional or statutory requirement for the Commission to obtain the approval of the electors in order to levy and collect the hotel/motel occupancy tax authorized in R.S. 33:4574.12.
Trusting this clarifies our previous opinion, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH