Dear Mr. Landreneau:
You request our opinion on the following legal issue: Is the occupancy tax ordinance adopted by the Livingston Parish Tourist Commission valid in light of state law? We find the ordinance to be valid.
The ordinance provides that an occupancy tax shall apply to "any establishment, both public and private, engaged in the business of furnishing or providing rooms and/and (sic) camping facilities intended or designed for dwelling, lodging or sleeping purposes to transient guests where such establishment consists of two or more guest rooms or camping spaces at a single business location. The terms specifically include bed and breakfasts, tourist camps, establishments providing campgrounds and/or hook-ups or connection facilities for transient or overnight campers who travel or provide their own camping equipment but pay fees and consideration for the location and placement and various services for such campers."
The enabling statute, R.S. 33:4574.1-A, provides in part:
§ 4574.1-A. Occupancy taxes levied by the commissions
 A. (1) For the purposes set forth in Subparagraph (A)(6)(c) of this Section, a commission created pursuant to R.S. 33:4574(A)(2) is authorized to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the commission. Such tax shall not exceed the following percentages of the rent or fee charged for such occupancy:
* * * * *
(s) Livingston Parish Tourist Commission, three percent.
* * * * *
 (3) The word "hotel" as used herein shall mean and include any establishment, both public and private, engaged in the business of furnishing or providing rooms and overnight camping facilities intended or designed for dwelling, lodging, or sleeping purposes to transient guests where such establishment consists of two or more guest rooms and does not encompass any hospital, convalescent or nursing home or sanitarium, or any hotel-like facility operated by or in connection with a hospital or medical clinic providing rooms exclusively for patients and their families.
 (4) The tax shall be paid by the person who exercises or is entitled to occupancy of the hotel room, and shall be paid at the time the rent or fee of occupancy is paid. The word "person" as used herein shall have the same definition as that contained in R.S. 47:301(8).
In our interpretation of the statute, the definition of "hotel" includes two general categories, specifically, (1) those establishments which have two or more guest rooms, and (2) overnight camping facilities. The language of the statute does not require that the camping facility offer traditional "rooms" in order for the occupancy tax to apply. Rather, the occupancy tax may be imposed where the facility is "intended or designed for dwelling, lodging, or sleeping purposes to transient guests." This interpretation would permit the phrase "camping space" to be used in the ordinance.
In dicta, our state supreme court in Gallaspy vs. Washington ParishPolice Jury, 645 So.2d 1139, (La. 1994), stated "R.S. 33:4574.1
authorizes local governing authorities to levy taxes on the occupancy of hotel rooms, motel rooms, and overnight camping facilities." See footnote 1, Gallaspy, supra. The ordinance in Gallaspy imposed the tax upon "overnight camping facilities, including campgrounds." No objection was made to the ordinance on the basis that the tax was extended to "campgrounds".
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: October 18, 2002