Dear Mr. Younger:
You requested the opinion of this office concerning whether (i) the Tourist Commission or the Police Jury is the appropriate entity to increase the hotel occupancy tax in West Feliciana Parish (the "Parish"), and (ii) an election is required to be held to increase the hotel occupancy tax in the Parish. Please be advised as follows:
R.S. 33:4574(A)(1) authorizes the governing authority of any parish to form and create a tourist commission. R.S. 33:4574(A)(2) specifically creates a number of tourist commissions, including the West Feliciana Parish Tourist Commission, as special districts and political subdivisions of the State pursuant to Article VI, Sections 19 and 30 of the Constitution of Louisiana.
R.S. 33:4574.1(A)(1)(a)(i) authorizes the governing authority of the parish creating a commission to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the commission, which tax shall not exceed two percent of the rent or fee charged for such occupancy. The rate of occupancy tax authorized for the governing authorities of parishes shall be reduced by one percent for each one percent rate of occupancy tax levied as provided for in R.S. 33:4574.1-A. R.S. 33:4574.1(A)(1)(a)(iii) provides that, except as provided in Subsection C, no new tax or tax increase shall be levied unless approved by a majority of the electors of the parish voting thereon in an election held for that purpose. Subsection C is not pertinent to the Parish. R.S. 33:4574.1(O) further provides:
 Notwithstanding the rate limitation in Subsection A of this Section, the governing authority of West Feliciana Parish is hereby authorized to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the West Feliciana Parish Tourism Commission not to exceed three percent of the rent or fee charged for such occupancy.
R.S. 33:4574.1-A(A)(1) provides that a commission created pursuant to R.S. 33:4574(A)(2) is authorized to levy and collect a tax upon the occupancy of hotel rooms, motel rooms, and overnight camping facilities within the jurisdiction of the commission, which tax shall not exceed two percent of the rent or fee charged for such occupancy in West Feliciana Parish. R.S. 33:4574.1-A(A)(1)(kk).
For each one percent of occupancy tax levied under R.S. 33:4574.1-A by a commission, one percent of occupancy tax levied in the parish pursuant to the authority granted in R.S. 33:4574.1 or any local, special or general law shall be eliminated. Commissions provided for in R.S.33:4574(A)(2) shall impose the tax by resolution or ordinance. Commissions created by R.S. 33:4574(A)(2) shall not levy or increase a tax in excess of the limit provided for in R.S. 33:4574.1-A(A)(2) unless approved by a majority of the electors of the parish voting thereon in an election held for that purpose. R.S. 33:4574.1-A(A)(6)(b).
To summarize the foregoing, both the Police Jury and the Tourist Commission are authorized to levy a hotel occupancy tax, provided that there is not duplicative taxation. In the case of West Feliciana Parish, the Police Jury is authorized to levy a 3% hotel occupancy tax, while the Tourist Commission is authorized to levy a 2% hotel occupancy tax. If the Police Jury levies a hotel occupancy tax in the amount of 2%, the percentage that the Tourist Commission may levy is reduced by 2%, so the Tourist Commission would not be authorized to levy a tax in that situation. If, however, the Tourist Commission levies a 2% tax, the Police Jury could levy a 1% tax, because the Police Jury is authorized to levy up to 3% (in combination with the Tourist Commission tax).
As to whether an election is necessary, the Tourist Commission is given the authority to impose the 2% hotel occupancy tax without an election. Hotel/motel occupancy taxes are considered sales taxes. Gallaspy v.Washington Parish Police Jury, 645 So.2d 1139 (La. 1994). La. Const. Art. VI, Sec. 29 authorizes local governmental subdivisions and school boards to levy and collect sales and use taxes after approval by a majority of the electors voting thereon in an election held for that purpose. La. Const. Art. VI, Sec. 44 defines "local governmental subdivision" to mean "any parish or municipality". In Board of Directorsof the Louisiana Recovery District v. All Taxpayers, Property Owners, andCitizens of the State of Louisiana, 529 So.2d 384 (La. 1988), the Louisiana Supreme Court held that the legislature could create a special district and give it the authority to levy a sales tax without prior approval of a majority of the electors, because the Louisiana Recovery District was not a local governmental subdivision. The Tourist Commission is not a local governmental subdivision subject to the election requirements of Article VI, Section 29. An election would be necessary if the Tourist Commission was authorized to increase the tax rate over the 2% cap. R.S. 33:4574.1-A(A)(6)(b). The Police Jury, however, is a local governmental subdivision and an election is required under La. Const. Art. VI, Sec. 29 as well as under R.S. 33:4574.1(A)(1)(a)(iii) to increase or impose the hotel occupancy tax.
Trusting that this adequately responds to your request, we remain
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ MARTHA S. HESS Assistant Attorney General
RPI:MSH:
DATE RELEASED: November 22, 2002