Dear Mr. Ohlmeyer:
You have asked the opinion of this office whether the Houma Area Convention and Visitors Bureau (the "Houma Visitors Bureau") is required submit its annual budget for approval to the Parish Council of the Terrebonne Parish Consolidated Government ("Parish Council").
As provided in your letter, you are the newly elected secretary/treasurer of the Houma Visitors Bureau and can find no evidence that the Houma Visitors Bureau's budget has previously been submitted to the Parish Council for approval. However, you are uncomfortable following this tradition in light of the seeming approval requirement in R.S. 33:4574.2(A), which provides as follows:
§ 4574.2. Budget; borrowing money; audit
(A) The commission shall annually submit to the governing authority or authorities of the parish or parishes a budget for its operations during the ensuing year, and the said governing authority or authorities shall have the right to approve or disapprove such budget. Upon approval of the budget the commission shall proceed to act there under
As will be more fully discussed below, it is the opinion of this office that the Legislature did not intend the budget approval requirement found in R.S. 33:4574.2(A) to apply to tourist commissions such as the Houma Visitors Bureau, which were specifically created as special districts or commissions, and political subdivisions of the state.
This issue was previously addressed in Attorney General Opinion No. 00-0175, where it was the opinion of this office that despite the language contained in R.S. 33:4574.2(A) regarding submission of a budget, tourist commissions created by Section 4574(B) arenot required to obtain budget approval from the Parish Council. *Page 2 
Our opinion was based upon our research and examination of the original statutory provisions pertaining to tourist commissions, as enacted by Act 19 of the 1975 Regular Legislative Session ("Act 19"), as well as pertinent acts that have amended or added to these provisions, and in particular, Act 47 of the 1995 Regular Legislative Session ("Act 47"). In that opinion we discussed the two types of tourist commissions authorized and created by R.S. 33:4574(A) and (B), [1] which provide in pertinent part as follows:
§ 4574. Tourist Commissions; creation; purpose; directors; powers
A. The governing authority of any parish in the state is authorized and empowered upon its own initiative to form and create a tourist commission or by agreement with the governing authority of any other parish to combine two or more parishes or parts thereof into a single tourist commission with such name or names as the governing authority or authorities may designate.
B. Pursuant to Article VI, Sections 19 and 30 of the Constitution of Louisiana, the following commissions and bureaus, hereafter collectively referred to in this Chapter as "tourist commissions" or "commissions", are hereby specifically created as special districts or commissions. Each such commission shall be a body politic and corporate and a political subdivision of the state of Louisiana, composed of the following territory.
In Attorney General Opinion No. 00-0175, this office examined the original statutory provisions and found that R.S. 33:4574, as originally enacted in accordance with Act 19, provided for one type of tourist commission, i.e., those authorized in the above Subsection 4574(A) to be created by the parish governing authorities. Then, in 1995, apparently in response to the decision styled Gallaspy v. Washington Parish PoliceJury, 94-1434 (La. 11/30/94),645 So.2d 1139, the Legislature adopted Act 47, to create an additional type of tourist commission, i.e., those commissions which are separate and apart from the parishes they serve.
In Gallaspy, the Court ruled that a Washington Parish ordinance that imposed a three percent tax upon the occupancy of hotel rooms and other recreational facilities was in fact a sales tax, and therefore was unconstitutional because it was passed without the approval of the Washington Parish electorate in violation of La.Const. Art. VI, Section 29. Washington Parish had imposed the tax to fund the Washington Parish Tourist Commission, which it had created earlier that year.
The Gallaspy decision prompted the Legislature to provide for certain tourist commissions to be separate and apart from the parishes where they were located, in order that those commissions could be constitutionally authorized to impose their own *Page 3 
taxes. In accordance with R.S. 33:4574(B), which was enacted pursuant to Act 47, certain tourist commissions, including the Houma Visitors Bureau, [2] were "specifically created" by the Legislature special districts or commissions that ". . . shall be a body politic and corporate and a political subdivision of the state. . . ".
Act 47 also added R.S. 33:4574.3(B)(2), which expresses the clear intent of the Legislature that the tourist commissions such as the Houma Visitors Bureau, which were created by R.S. 33:4574(B) are to be separate and independent of the local political subdivision in which they operate. R.S. 33:4574.3(B)(2) provides as follows:
§ 4574.3. Effect on existing tourist commissions
(B)(2) It is the intention of those provisions to make the commissions provided for in R.S. 33:4574(B), including those in existence prior to June 8, 1995, political subdivisions of the state, separate and independent of the local political subdivisions in which they operate, and to grant directly to such political subdivisions the power of taxation and such other powers as set forth in this Chapter, all as provided for in Article VI, Sections 19 and 30 of the Constitution of Louisiana. [Emphasis added]
In Attorney General Opinion 00-175, in which it was the opinion of this office that R.S 33:4574.2(A) does not apply to tourist commissions created by R.S. 33:4574(B), we stated the following:
R.S. 33:4574.3B(2) expresses the clear intent of the Legislature that the tourist commissions listed in [R.S. 33:4574(B)] are to be "separate and independent of the local political subdivision in which they operate. . . ". Although it is our opinion that the provisions of R.S. 33:4574.2A are meant to apply to commissions that are created by parish governing authorities, it is our opinion that the Legislature did not intend R.S. 33:4574.2(A) to apply to those commissions that were created as separate and independent political subdivisions. To determine otherwise would be inconsistent with the Legislature's clear directive that those commissions are political subdivisions, and are to function separately and independently of the parishes in which they operate.
It remains the opinion of this office that R.S. 33:4574.2(A) does not apply to the Houma Visitors Bureau, which was created by the Legislature pursuant to R.S. 33:4574(B), because it is a political subdivision of the state, separate and apart from Terrebonne Parish. As such, it is the opinion of this office that the Houma Visitors Bureau is not required to submit its annual budget to the Terrebonne Parish Council for approval. *Page 4 
We trust this adequately addresses your question. If you have any questions, please contact our office.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ DENISE BROU FITZGERALD Assistant Attorney General
JDC/DBF/lbw
[1] Previously R.S. 33:4574(A)(1) and (2).
[2] See R.S. 33:4575(B)(12) which creating the Houma Area Convention and Visitors Bureau, which is composed of all the territory in Terrebonne Parish.