Dear Mr. Pringle:
We acknowledge your representation of the Shreveport-Bossier Convention and Tourist Bureau ("Shreveport-Bossier Bureau"). In that capacity you ask the opinion of this office concerning whether the Shreveport-Bossier Bureau is required to submit its annual budget for approval to the city of Shreveport, the city of Bossier City, Caddo Parish, and Bossier Parish.
Your opinion request identifies two possible sources of the obligation on the part of the Shreveport-Bossier Bureau to submit its annual budget to the four local governing authorities. First is Section 4(A) of Acts 1970, No. 19, as amended by Acts 1974, No. 623 and Acts 1982, No. 121
("1970 Act"), which is a local and special law under which the Shreveport-Bossier Bureau is required to submit its annual budget for approval to the cities of Shreveport and Bossier City, and the parishes of Caddo and Bossier. As amended, Section 4(A) of the 1970 Act reads as follows:
 The commission shall annually submit to the governing authorities of the parish of Caddo, the parish of Bossier, the city of Shreveport and the city of Bossier City a budget for its operations during the ensuing year. Said budget shall be submitted not less than thirty days prior to the beginning of the fiscal year of the commission. The governing authorities shall have the right to approve or disapprove such budget. Upon approval of the budget by the governing authorities, the commission shall proceed to act thereunder. *Page 2 
Section 4(A), Acts 1970, No. 19, as amended by Acts 1974, No. 623 and Acts 1982, No. 121. The second possible source of the obligation to submit the bureau's budget for approval is Section 4574.2(A) of the general law applicable to tourist commissions:
 The commission shall annually submit to the governing authority or authorities of the parish or parishes a budget for its operations during the ensuing year, and the said governing authority or authorities shall have the right to approve or disapprove such budget. Upon approval of the budget the commission shall proceed to act thereunder.
La.R.S. 33:4574.2(A). Your request also references two prior Attorney General opinions in which this office concluded that the Monroe-West Monroe Convention Visitors Bureau ("Monroe-West Monroe Bureau") and the Houma Area Convention and Visitor's Bureau ("Houma Bureau") were not required to submit annual budgets to their respective local governing authorities for approval. La.Atty.Gen.Op. Nos. 00-175, 08-333. In order to respond to your request, we must determine whether Section 4(A) of the 1970 Act and/or La.R.S. 33:4574.2(A) apply to the Shreveport-Bossier Bureau, and whether our prior opinions regarding the Monroe-West Monroe Bureau and the Houma Bureau would apply to the Shreveport-Bossier Bureau.
The 1970 Act authorized the cities of Shreveport and Bossier City to create the Shreveport-Bossier Convention and Tourist Commission. Acts 1970, No. 19, Section 1(A). The City of Bossier passed Ordinance Number 10 of 1970 on December 15, 1970, and the City of Shreveport passed Ordinance Number 86-66 in 1971, thereby formally creating the Shreveport-Bossier Convention and Tourist Commission, the name of which was later changed to the Shreveport-Bossier Convention and Tourist Bureau.[1] The original version of the 1970 Act gave the cities control over the operations of the Shreveport-Bossier Bureau by requiring both cities' annual approval of the bureau's budget. Id., Section 4(A).[2] *Page 3 
In 1974, the legislature amended the 1970 Act to extend control over the Shreveport-Bossier Bureau to the governing authorities of the parishes of Caddo and Bossier. Acts 1974, No. 623. As amended in 1974, Section 4(A) of the 1970 Act required the bureau to submit its budget for approval not only to the governing authorities of the cities of Shreveport and Bossier City, but also to the governing authorities of the parishes of Caddo and Bossier. Id., Section 4(A).[3]
In 1975, the legislature enacted La.R.S. 33:4574, et seq., which authorized the governing authority of any parish to create a tourist commission on its own or jointly with one or more other parishes. La.R.S. 33:4574, et seq.; Acts 1975, No. 19 ("1975 Act"). Section 4574.2(A), cited supra and in your opinion request, reserves control over tourist commissions to the governing authorities of the parishes that created them by requiring the commissions to submit their budget to the parish governing authorities for approval. La.R.S. 33:4574.2(A). The effect of the 1975 Act, specifically Section 4574.2(A), on the Shreveport-Bossier Bureau is not immediately apparent.
Section 4574.3 of the 1975 Act specified that La.R.S. 33:4574, et seq., was not intended to limit the authority of existing commissions, but would supplement their authority. Id. The 1975 Act was silent, however, on whether existing commissions would be under the control of the parishes only, as set forth in Section 4574.2(A), or under the control of additional entities specified in the original enabling legislation of such existing commissions. If Section 4574.2(A) applied to the Shreveport-Bossier Bureau, then the cities of Shreveport and Bossier City would no longer have the authority to approve or disapprove the bureau's budget. It could have been argued that such application of Section 4574.2(A) would be proper under Section 4575.3 because it would not limit the commission's authority — the only authority affected would have been that of the cities of Shreveport and Bossier City. *Page 4 
Any uncertainty over the application of La.R.S. 33:4574.2(A) to the Shreveport-Bossier Bureau was set aside by Acts 1982, No. 19, which amended and reenacted the 1970 Act to its current form.[4] Acts 1982, No. 19. The 1982 amendment to Section 4(A) imposed an annual deadline for the bureau to submit its budget to the cities of Shreveport and Bossier City, and to the parishes of Caddo and Bossier, for approval. Id., Section 4(A). By retaining all four local governing entities in the amended text, the 1982 amendments affirmed that the Shreveport-Bossier Bureau was required to submit its proposed budget to all four local governments for approval. Id.
In 1995, the legislature significantly altered the laws governing tourism commissions by amending La.R.S. 33:4574, et seq. The 1995 amendments created a new type of tourist commission that is a political subdivision of the state of Louisiana separate and apart from any local governing authorities. Acts 1995, No. 47. As noted in our prior opinions, as a result of the 1995 amendments there are now two types of tourist commissions authorized and created by La.R.S. 33:4574, [5]
which provides in pertinent part as follows:
 § 4574. Tourist Commissions; creation; purpose; directors; powers
 A. The governing authority of any parish in the state is authorized and empowered upon its own initiative to form and create a tourist commission or by agreement with the governing authority of any other parish to combine two or more parishes or parts thereof into a single tourist commission with such name or names as the governing authority or authorities may designate.
 B. Pursuant to Article VI, Sections 19 and 30 of the Constitution of Louisiana, the following commissions and bureaus, hereafter collectively referred to in this Chapter as "tourist commissions" or "commissions", are hereby specifically created as special districts or commissions. Each such commission shall be a body politic and corporate and a political subdivision of the state of Louisiana, composed of the following territory.
 * * *
La.R.S. 33:4574; La.Atty.Gen.Op. Nos. 00-0175 and 08-333. *Page 5 
The 1995 amendments retained the original statutory provisions of La.R.S. 33:4574, which provided for one type of tourist commission, i.e., those authorized in the above Section 4574(A) that may be created by the parish governing authorities. Id. In response to the decision styledGallaspy v. Washington Parish Police Jury, 94-1434 (La. 11/30/94),645 So.2d 1139, the legislature created another type of tourist commission, i.e., those created in the above Section 4574(B) that are political subdivisions of the state, separate and apart from the parishes they serve. La.Atty.Gen.Op. Nos. 00-0175 and 08-333.
Our prior opinions observed that the Gallaspy court considered a Washington Parish ordinance that imposed a three percent tax upon the occupancy of hotel rooms and other recreational facilities in order to fund the Washington Parish Tourist Commission, which it had created earlier that year. La.Atty.Gen.Op. Nos. 00-0175 and 08-0333. The court held that the tax was in fact a sales tax, and therefore was unconstitutional because it was passed without the approval of the Washington Parish electorate in violation of La.Const. Art. VI, Section 29. Id.
The Gallaspy decision prompted the Legislature to provide for certain tourist commissions to be independent from the parishes where they were located, in order that those commissions could be constitutionally authorized to impose their own taxes. Id. In accordance with La.R.S.33:4574(B), which was enacted pursuant to Acts 1995, No. 47, certain tourist commissions were "specifically created" by the legislature as special districts or commissions that ". . . shall be a body politic and corporate and a political subdivision of the state. . . ." Id.
The legislature specifically emphasized the independence of Section 4574(B) tourist commissions in the following language addressing the effects of the statute on existing tourist commissions:
 § 4574.3. Effect on existing tourist commissions
 (B)(2) It is the intention of those provisions to make the commissions provided for in R.S. 33:4574(B), including those in existence prior to June 8, 1995, political subdivisions of the state, separate and independent of the local political subdivisions in which they operate, and to grant directly to such political subdivisions the power of taxation and such other powers as set forth in this Chapter, all as provided for in Article VI, Sections 19 and 30 of the Constitution of Louisiana. [Emphasis added] *Page 6 
La.R.S. 33:4574.3(B)(2). The 1995 amendments did not, however, change Section 4574.2, cited supra, which obligates tourist commissions to "submit to the governing authority or authorities of the parish or parishes a budget for its operations during the ensuing year." La.R.S.33:4574.2. This gave rise to an apparent conflict between the independence of Section 4574(B) tourist commissions from local governing authorities in the one hand, and the obligation to submit the budget for operations to those same local governing authorities on the other hand.
This apparent conflict gave rise to the two Attorney General opinions referenced in your opinion request letter. The first opinion considered whether the Monroe-West Monroe Bureau had to submit its annual budget to the Ouachita Parish Police Jury for approval. La.Atty.Gen.Op. No. 00-175. The second opinion considered whether the Houma Bureau was required to submit its annual budget to the Parish Council of the Terrebonne Parish Consolidated Government for approval. La.Atty.Gen.Op. No. 08-333. Both bureaus are considered separate political subdivisions under Section 4574(B). La.R.S. 33:4574(B)(l) (B)(t). In each opinion, this office concluded that Section 4574.2(A) does not apply to Section 4574(B) tourist commissions:
 R.S. 33:4574.3B(2) expresses the clear intent of the Legislature that the tourist commissions listed in [R.S. 33:4574(B)] are to be "separate and independent of the local political subdivision in which they operate. . . ." Although it is our opinion that the provisions of R.S. 33:4574.2A (sic) are meant to apply to commissions that are created by parish governing authorities, it is our opinion that the Legislature did not intend R.S. 33:4574.2(A) to apply to those commissions that were created as separate and independent political subdivisions. To determine otherwise would be inconsistent with the Legislature's clear directive that those commissions are political subdivisions, and are to function separately and independently of the parishes in which they operate.
La.Atty.Gen.Op. No. 08-333, citing La.Atty.Gen.Op. No. 00-175. The Monroe-West Monroe Bureau and the Houma Bureau are therefore not required to submit their annual budgets to their respective local governing authorities. Id.
The Shreveport-Bossier Bureau, like the Monroe-West Monroe Bureau and the Houma Bureau, is a separate political subdivision pursuant to Section 4574(B). La.R.S. 33:4574(B)(x). Our analysis in this opinion is not, however, identical to our analysis in the opinions cited above. The previous opinions answered the question of whether La.R.S. 33:4574.2(A) applied to Section 4574(B) tourist commissions that were separate *Page 7 
political subdivisions. La.Atty.Gen.Op. Nos. 08-333, 00-175. We do not reach that exact analysis in this opinion because, under the 1995 amendments to the tourist commission laws, Section 4574.2 does not apply to tourist commissions in existence prior to 1975:
 G. The provisions of this Section shall not apply to commissions in existence prior to the effective date of Act No. 19 of the 1975 Regular Session of the Legislature.
La.R.S. 33:4574.2(G). As noted above, the Shreveport-Bossier Bureau was first authorized by the legislature in 1970, and was actually created by the local governing authorities in 1971. Acts 1970, No. 19. As such, the general obligation set forth in Section 4574.2(A) requiring tourist commissions to submit an annual budget to the local governing authorities would not apply to the Shreveport-Bossier Bureau under the express provisions of Section 4574.2(G).
The second distinction between this opinion and our prior opinions is the existence of Section 4(A) of the 1970 Act. Neither the Monroe-West Monroe Bureau nor the Houma Bureau were bound by special legislation directing them to submit their annual budget to their respective local governing authorities, other than La.R.S. 33:4574.2(A). The issue to be resolved in order to answer your request therefore becomes whether the special legislation directing the Shreveport-Bossier Bureau to submit its annual budget to the four local governing authorities, i.e., Section 4(A) of the 1970 Act, survived the 1995 amendments to La.R.S. 33:4574, etseq.
Acts 1995, No. 47, which amended La.R.S. 4574, et seq., did not expressly repeal any portion of the 1970 Act. Nevertheless, "[u]nder general rules of statutory construction, the latest expression of the legislative will is considered controlling and prior enactments in conflict are considered as tacitly repealed in the absence of an express repealing clause." Pumphrey v. City of New Orleans, 2005-979 (La. 4/4/06), 925 So.2d 1202, 1210, citing La.Civ.C. art. 8.
 Louisiana law and jurisprudence demonstrate that a newly passed legislative act that is repugnant to or in conflict with an earlier passed act will supersede and implicitly repeal the earlier act, even in the absence of a repealing clause. However, not all conflicts lead to tacit repeal; only those conflicts which are irreconcilable may lead to tacit repeal.
International Paper Co., Inc. v. Hilton, 2007-0290 (La. 10/16/07),966 So.2d 545, 555, (emphasis in original) citing Fakier v. Picou,246 La. 639, 166 So.2d 257, 258 (1964), *Page 8 see also State v. Standard Oil Co. of La., 188 La. 978, 178 So. 601, 626
(1937) ("[N]othing short of irreconcilable conflict between two statutes works a repeal by implication").
It is readily apparent that La.R.S. 33:4574.3(B)(3), which guarantees the status of the Shreveport-Bossier Bureau as a political subdivision "separate and independent from the local political subdivision in which [it operates]", cannot be reconciled with Section 4(A) of the 1970 Act, which requires approval of the bureau's budget by local governing authorities. La.R.S. 33:4574.3(B)(3); Acts 1970, No. 19, as amended by Acts 1974, No. 623 and Acts 1982, No. 121, Section 4(A). The power to approve the operational budget is the power to control the activities of the bureau. Preserving the authority of the cities of Shreveport and Bossier City and the parishes of Caddo and Bossier to approve the budget of the Shreveport-Bossier Bureau "would be inconsistent with the Legislature's clear directive that those commissions are political subdivisions, and are to function separately and independently of the parishes in which they operate." La.Atty.Gen.Op. No. 08-0333, citing
La.Atty.Gen.Op. No. 00-175. We conclude that the subject provisions are irreconcilable, and that Acts 1995, No. 47 implicitly repealed Section 4(A) of Acts 1970, No. 19, as amended by Acts 1974, No. 623 and Acts 1982, No. 121.
It is therefore the opinion of this office that the Shreveport-Bossier Convention and Tourist Bureau is not required to submit its annual budget for approval to the respective governing authorities of the City of Shreveport, the City of Bossier City, Caddo Parish, or Bossier Parish.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please contact our office.
 Sincerely yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Charles W. Belsom, Jr. Assistant Attorney General
 JDC:CWB:lrs
[1] The Shreveport-Bossier Convention and Tourist Commission changed its name to the Shreveport-Bossier Convention and Tourist Bureau in August of 2001 pursuant to the provisions of La.R.S. 33:4574(D)(2). For the sake of consistency the entity will be referred to herein as the "Shreveport-Bossier Bureau" regardless of the time frame of the discussion.
[2] The original text of Section 4(A) of the 1970 Act reads as follows:
 The commission shall annually submit to the governing authorities of the city of Shreveport and the city of Bossier City a budget for its operations during the ensuing year, and the said governing authorities shall have the right to approve or disapprove such budget. Acts 1970, No. 19, Section 4(A).
[3] The text of Section 4(A) of the 1970 Act, as amended by Acts 1974, No. 623, reads as follows:
 The commission shall annually submit to the governing authorities of the parish of Caddo, the parish of Bossier, the city of Shreveport and the city of Bossier City a budget for its operations during the ensuing year and the said governing authorities shall have the right to approve or disapprove such budget.
Acts 1974, No. 623, Section 4(A).
[4] The 1982 amendment to Section 4(A) of the 1970 Act is reflected in the text cited at the first page of this opinion.
[5] Previously R.S. 33:4574(A)(1) and (2).